ARNOLD, ADMINISTRATOR, *v.* RIFNER.

[No. 1,940.    Filed December 15, 1896.]

HUSBAND AND WIFE.—*Earnings of Wife.—Statute Construed.*—A married woman is, under section 6975, Burns' R. S. 1894 (5130, R. S. 1881), entitled to all of her earnings accruing from any services rendered by her for persons other than her husband or her family:

From the Henry Circuit Court. *Affirmed.*

*Charles N. Mikles, James Brown* and *William A. Brown*, for appellant.

*M. E. Forkner* and *W. O. Barnard*, for appellee.

ROSS, J.—The appellee filed in the office of the clerk of Henry county a claim against the estate of William Rifner, of which appellant is administrator *de bonis non*, for services rendered in nursing and caring for the decedent in his lifetime. The claim not having been allowed was transferred to the issue docket, and a trial had before a jury, resulting in a verdict in her favor for $1,084.00.

The questions urged on this appeal arise on the ruling of the court in overruling the appellant's motion for a new trial.

It is very earnestly insisted that the verdict of the jury is not sustained by sufficient evidence; that there is no evidence upon which appellee's claim can rest; that, even if she did render the services claimed, she

had no right of action, inasmuch as she was a married woman at the time she rendered the alleged services.

Section 6975, Burns' R. S. 1894 (5130, R. S. 1881), provides that "A married woman may carry on any trade or business and perform any labor or service on her sole and separate account. The earnings and profits of any married woman, accruing from her trade, business, services or labor, other than labor for her husband or family, shall be her sole and separate property."

Prior to the enactment of this statute, the common law was in force in this State, and the earnings of a wife belonged to her husband. *Baxter* v. *Prickett's Admr.*, 27 Ind. 490; *Jenkins, Assignee*, v. *Flinn*, 37 Ind. 349. By this statute, however, the earnings and profits of a married woman belong to her. The appellant insists that it is not the earnings of all of her labor except that rendered for her family that is hers, but that it is only the earnings and profits resulting from her labor in carrying on a trade or business that the statute makes her property. We cannot concur in this contention. The statute specially gives to a married woman, not only the earnings and profits accruing from any trade or business carried on by her, whether the result of her own labors or not, but it also makes her the owner of her earnings when she performs services for persons other than her husband or her family. The statute does not relieve the wife from the performance of any of the duties owing to her husband or family, but it simply vests in her the ownership to the earnings resulting from her services to others.

The services claimed to have been rendered by the appellee, for which she filed the claim in controversy, were not such as were owing from her, to either her husband or her family, and were not rendered for their

comfort, welfare, or benefit. They were rendered to a stranger to whom she owed no such duty. If the services were rendered by the appellee there can be no doubt but that she is the proper person to receive pay therefor.

Counsel very earnestly attack the verdict of the jury, insisting that the evidence discloses not only that the appellee and her relatives (who they say were her witnesses) are attempting to defraud this estate, but that appellee has failed to prove that she rendered the services. We have read the evidence with more than ordinary care, and are convinced that the evidence introduced on the part of the appellee fully sustains her claim. In fact, if the decedent was as helpless and as much of a care as many of the witnesses testify he was, the appellee not only assumed grave responsibilities and risks, but rendered very onerous and unpleasant services for him. Such services, when rendered for a stranger, are much more unpleasant and distasteful than when rendered for one's own family, and this probably accounts for the value placed by the witnesses on such services. True, in many respects the testimony of the witnesses for the appellant might be, when submitted to a jury, sufficient to discredit that given in favor of the appellee; but the testimony of all the witnesses may be true, and yet the appellee be entitled to recover. If we gather correctly the testimony of the appellant's witnesses, none of them denied the facts testified about by the appellee's witnesses. They simply testified from their knowledge and observation. None of them testified that the decedent did not do as appellee's witnesses testified, or that appellee did not render the services, but simply testified that from their observation the decedent was not in the condition that appellee's witnesses testified he was.

The instructions given by the court, of which the appellant complains, were proper in view of the statute above referred to, which gives to the wife the ownership of all her earnings accruing from any services rendered by her for persons other than her husband or her family.

We find no error for which the judgment of the court below should be reversed.

Judgment affirmed.