KENNEDY, ADMINISTRATOR, v. SWISHER ET AL.

[No. 5,198. Filed March 8, 1905.]

1. HUSBAND AND WIFE.—*Wife's Separate Earnings.*—A wife's separate earnings for services to persons other than the members of the family belong to her and not to her husband. p. 679.

2. SAME.—*Member of Household.*—Where the wife performs services for a third party, at the time a member of the husband's household, such service being performed as a part of her household work, compensation for such service belongs to the husband. p. 679.

3. SAME.—*Wife's Separate Contract.*—*Earnings.*—Where a husband contracted with the decedent to take care of such decedent in consideration of the use of the decedent's house free of rent, but the husband's wife was not a party to such contract, and she afterwards orally contracted with the decedent to provide board and take care

of the decedent, such contract with the wife is enforceable, notwithstanding the husband had so contracted.  p. 679.

4. TRIAL.—*Special Interrogatories.—Harmless Error.*—Where the answers to the interrogatories to the jury show that the facts alleged in a paragraph of answer are untrue, the error in sustaining a demurrer to such paragraph is harmless.  p. 681.

5. PLEADING.—*Oral Contract.—Want of Consideration.*—Under the Indiana code it is not necessary to file an answer of want of consideration for an oral contract, as the burden is on plaintiff to plead and prove a consideration.  Under the statute concerning decedents' estates no answer need be pleaded except a set-off or counterclaim. p. 682.

6. TRIAL.—*Instruction.—Oral Contracts.—Want of Consideration.— Burden.*—In an action by a married woman for services performed for an administrator's decedent, under an oral contract, the burden of proof that there was a consideration for such contract was upon the plaintiff, and an instruction that the burden was on defendant to show a want of consideration was erroneous, though defendant had pleaded a want of consideration specially.  p. 683.

From Montgomery Circuit Court; *Jere West,* Judge.

Action by Lizzie R. Swisher and husband against Schuyler C. Kennedy, as administrator of the estate of Volney Q. Irwin, deceased. From a judgment for plaintiffs, defendant appeals.  *Reversed.*

*E. C. Snyder* and *S. C. Kennedy,* for appellant.
*A. D. Thomas* and *M. E. Foley,* for appellees.

BLACK, J.—This was a claim against the estate of Volney Q. Irwin, deceased, represented by the appellant, filed by the appellee Lizzie R. Swisher, for board furnished by her to the decedent for seventeen weeks, commencing April 1, 1903, and continuing until his death, July 27, 1903, and for care and attention, described, bestowed on him by her during the same period, "which services," it was alleged, "were rendered at the special instance and request of said decedent, for which he promised to pay her well for her trouble and expense," etc.; the other appellee, Frank D. Swisher, being joined as a nominal plaintiff with her in the suit, as her husband, and as evidence of his acqui-

escence in her claim, and of relinquishment of any claim on his part for the services and expenditures.

A demurrer to the first paragraph of the appellant's answer having been sustained, this ruling is assigned as error. In this paragraph it was alleged that the decedent and Frank D. Swisher, April 1, 1903, entered into a written contract as follows: "This memorandum of agreement, made and entered into this 1st day of April, 1903, between Volney Q. Irwin and F. D. Swisher witnesseth, that said Irwin has this day leased to said Swisher the property where the said Irwin now resides, said Irwin reserving to himself the two rooms now used and occupied by him. It is agreed that said Swisher and his family are to take care of said rooms and are to care for said Irwin in case of his sickness, and this is to be full compensation to said Irwin for the use and rent of said property. This lease is to be in force for one year from this date, or until the government shall take possession of said property, if proceedings to condemn said property are effectual. F. D. Swisher, V. Q. Irwin."

It was alleged that the claimant was the wife of said Frank D. Swisher, and one of his family, at the time of the making of this contract, and she had so continued to be; that, pursuant to said contract, Swisher and his wife, with the rest of their family, moved into the house of Irwin about the 1st day of April, 1903, and they continued to reside therein under said contract, paying no rent therefor, except the care and attention they gave to Irwin and his rooms, and that Swisher and his wife and family still were, and had been, occupying the house ever since they took possession thereof under and pursuant to said contract, which was the only contract between the decedent and Frank D. Swisher; that, at the time said contract was entered into, the claimant knew of the same, and made no objection to it, and ever since the execution of said contract she had continued to live with her said husband in said property, knowing

that he was to pay no rent for the same, except in caring for the decedent and his said rooms.

1. In this State all legal disabilities of married women to make contracts are abolished, except in certain instances, not here involved (§6960 Burns 1901, §5115 R. S. 1881); and a married woman may carry on any trade or business and perform any labor or service on her sole and separate account, and the earnings and profits of any married woman, accruing from her trade, business, services or labor, other than labor for her husband or family, are her separate property (§6975 Burns 1901, §5130 R. S. 1881). While· the statute does not relieve a married woman from the duty of personal service for her husband and family, it vests in her the ownership of earnings which accrue from her services for others. *Arnold* v. *Rifner* (1896), 16 Ind. App. 422.

2. Services rendered by a married woman, by reason of her marital relation, in assisting her husband to carry on his business, voluntarily and without any contract or expectation of payment therefor, are services belonging to her husband, for the loss of which, through the wrongful act of a third person, the husband may recover from the wrongdoer. *Citizens St. R. Co.* v. *Twiname* (1880), 121 Ind. 375, 7 L. R. A. 352. Where services of a married woman for one not a member of her family, but for the time being a member of the household of her husband, were rendered, not upon her own separate account, but as a part of her household work in the family of herself and her husband, it was held that they were properly included in a demand of the husband for compensation. *Board, etc.,* v. *Brown* (1892), 4 Ind. App. 288; *Hensley* v. *Tuttle* (1897), 17 Ind. App. 253.

3. While the statement of claim showed that the claimant rendered services to the decedent at his special instance and request, for which he promised to pay her well, the paragraph of answer in question, to recapitulate, set up the

making of a written contract between the decedent and claimant's husband alone, whereby the decedent leased a portion of a house to the claimant's husband, it being agreed by the parties to the contract that, as compensation for rent, the claimant's husband and his family should take care of the rooms reserved by the decedent for himself; and should care for the decedent in case of his sickness. It was further shown that the lessee and his family, including his wife, moved into the house and occupied it under and pursuant to the lease, paying no rent except the care and attention they gave to the decedent and his rooms; also that the claimant knew of the contract between her husband and the decedent, and did not object to it, and that she lived with her husband in the house, knowing that he was to pay no rent, except in caring for the decedent and his rooms. All this is not incompatible with the averment that the claimant's services were rendered under a contract between herself and the decedent. They were services not in the nature of labor for her husband or family, in that they were rendered for a stranger, who did not reside with or constitute a part of the household of her husband. It is not made to appear that she consented or agreed either with her husband or with the decedent to render any service for the latter under or pursuant to the written contract, or that her services were rendered under or pursuant to that contract, or by way of assisting her husband in the performance of his obligation under that contract.

If it be agreed that such services as she performed were contemplated by the parties to that contract as being embraced by its terms, yet, she being not a party to the written contract, and being by the statute entitled to her earnings accruing from her services or labor, other than labor for her husband or family, and being not under disability to make contracts for such services or labor, a valid and enforceable oral agreement might afterward be entered into by and between her and the decedent for the performance

of the services in question, for compensation to be paid her by the decedent. The claimant's husband, as such, was under obligation to support her and to provide her a place of residence, and she was under marital obligation to render her personal service in the household; but she was not under obligation, as a wife, and without her consent, to pay or help to pay the rent by services outside of the household, and for a stranger, merely because her husband had included them as part consideration of such an executory contract, though for her voluntary service by way of assisting her husband or family to pay rent for the family residence she could not recover from anyone.

4. She having performed the services, it was a question of fact whether she contributed them as services for her husband or family, or performed them pursuant to an agreement between herself and the stranger for whom they were rendered. It was specially found by the jury, in answer to interrogatories, amongst other things, that the claimant did not enter into the contract signed by her husband and the decedent; that she did not enter into possession of the property in question in pursuance of that contract; that she occupied the property as wife, and not under and by virtue of that contract; and that it was not a fact that she had knowledge of the terms of that contract at the time it was entered into, and ever since. So far as any allegations of the first paragraph of answer contrary to these special findings might be regarded as adding any strength to the answer, there could be no available error in giving them no influence in ruling upon the sufficiency of the answer, it thus affirmatively appearing that such allegations were involved in the trial, and found to be not true.

It has been assigned here that the court erred in overruling the motion of the appellant for judgment in his favor on the answers of the jury to the interrogatories submitted to them. We have taken occasion, for other purposes, to examine these special findings, and we would be

unable to sustain this assignment; but, as the learned counsel for the appellant, possibly not placing much dependence on this assignment, have not complied with rule twenty-two of this court, by making in their brief a concise statement of so much of the record as would fully present this matter, we will not discuss the subject. See *Perry, etc., Stone Co. v. Wilson* (1901), 160 Ind. 435.

5. It is claimed by the appellant that the court erred in two of its instructions to the jury, as to one of which he has failed to set out in his brief the instruction, or a succinct statement thereof, referring to the pages and lines of the transcript. *Cleveland, etc., R. Co. v. Stewart* (1903), 161 Ind. 242. In its second instruction, the court, referring to the answer of no consideration and the answer of payment, instructed the jury, in substance, that the burden as to each of these paragraphs was upon the appellant, and that, before he could defeat the plaintiff on account of the matters set forth in these answers, respectively, he would have to prove all the material allegations therein contained by a preponderance of the evidence, but that if he should fail to establish that all the claims sued on had been paid, but should show that a part of the claim had been paid, he would be entitled to credit of whatever he should establish had been paid. Counsel for the appellant say, by way of objection to this instruction, that it is not true that he (the defendant) would be required to prove these answers; that proof of them by evidence furnished by the claimant (the plaintiff) would be as effective as proof produced by the appellant; citing *McDougal v. State* (1882), 88 Ind. 24; *Collier v. Collier* (1898), 150 Ind. 276; *Indianapolis St. R. Co. v. Taylor* (1902), 158 Ind. 274; *Pittsburgh, etc., R. Co. v. Lightheiser* (1904), 163 Ind. 247; *Pittsburgh, etc., R. Co. v. Collins* (1904), 163 Ind. 569. We can not say with desirable certainty that the jury might not understand from the form of this instruction that the defenses therein mentioned could be maintained only by evi-

dence produced by the appellant, excluding from consideration legitimate inferences from evidence produced by the claimant herself. It is stated by counsel for the appellant that the decedent never paid anything to the claimant personally. So far, therefore, as the part of the instruction relating to the answer of payment is concerned, it is manifest that it can not be regarded as having worked any material harm to the appellant; the answer of payment being one of confession and avoidance of the cause of action declared on in the statement of claim, which related solely to a contract between the claimant and the decedent.

Among the paragraphs of answer there was a general denial. It is not necessary in an action under the code to plead a want of consideration for an oral promise, after pleading a general denial, under which the plaintiff has the burden of showing a consideration for the promise. *Bush* v. *Brown* (1875), 49 Ind. 573, 19 Am. Rep. 695. Under the statute concerning the settlement of decedents' estates (§2479 Burns 1901, §2324 R. S. 1881) it was not necessary, though permissible, for the appellant to plead any matter by way of answer, except a set-off or counterclaim.

6. It was necessary to the claimant's recovery that the consideration alleged in the statement of claim be proved as alleged. Want of consideration was pleaded, and the court directed the attention of the jury to that defense.

Though the husband was bound by his separate contract, and liable for nonperformance thereof on his part, the claimant, not a party thereto, was not bound thereby to render such services as were contemplated therein, and the alleged promise of the decedent sued on, if the contract were proved as alleged, would not be based on a consideration consisting of the promise of the husband, and the alleged contract of the decedent with the claimant herself would not be *nudum pactum*. If the claimant's services were, with her assent, rendered by way of performance of her husband's contract,

her services would extinguish her husband's liability. The defense of want of consideration would be sustained, if it were not proved by a preponderance of the evidence that the claimant rendered her services under and pursuant to the separate agreement alleged between herself and the decedent; and if, upon the whole evidence produced by all the parties, the jury should conclude that she voluntarily rendered her services by way of performing labor for her husband and the family, there could be no consideration for the alleged promise of the decedent in suit. It would have been proper for the jury, in passing upon the question as to the consideration of the contract in suit, to consider all the evidence pertinent to such matter, having due regard to the burden upon the claimant.

The action was one in which it was necessary to show in the complaint the consideration of the promise of the decedent. The answer of want of consideration was not an answer of confession of the cause of action shown in the complaint, and avoidance thereof by new matter. It was a denial, in general terms, of an essential part of the complaint, which denial, as above stated, was included in the answer of general denial pleaded. The burden of proof was upon the claimant as to the existence of the consideration, as well as to that of all other material facts alleged in the complaint, and it did not shift to the appellant. The evidence being all in, the court, in submitting to the jury the determination of the question as to the consideration of the contract in suit, might properly have informed the jury that the burden of establishing the consideration alleged, by a preponderance of the evidence, was upon the claimant. It was error to instruct that the burden as to the defense of want of consideration was upon the appellant.

Judgment reversed, and cause remanded for a new trial.