## Weesner, Administrator, *v.* Weesner.

[No. 10,091. Filed October 28, 1919.]

1. Limitation of Actions. — *Statute.* — *Operation.* — *Continuous Contract May be Express or Implied.*—In determining the question whether a contract of hire was continuous, as affecting the running of the statute of limitations, it makes no difference whether the contract was express or implied. p. 240.

2. Executors and Administrators.—*Claims Against Estates.*— *Action on Implied Contract of Hire.*—*Jury Questions.*—In an action on a claim against decedent's estate for services rendered decedent in which claimant sought recovery on the theory of an implied contract, it was for the jury to determine whether claimant performed services for deceased at his request, or whether he availed himself thereof knowing, or having reasonable ground to believe, that compensation was expected. p. 240.

3. EXECUTORS AND ADMINISTRATORS.—*Services Rendered Decedent.—Contract of Hire.—When Implied.*—If services were performed at the request of decedent, or, if he knowingly availed himself thereof and had reasonable ground to believe that compensation therefor was expected, the law will imply a promise to pay what such services are reasonably worth. p. 240.

4. EXECUTORS AND ADMINISTRATORS.—*Services Rendered Decedent.—Contract of Hire.—When Implied.*—If the circumstances authorized the person rendering services to decedent reasonably to expect payment therefor, or by way of furtherance of the intention of the parties, or because reason and justice require compensation, the law will imply a contract therefor. p. 240.

5. LIMITATION OF ACTIONS.—*Statute.—Operation.—Continuity of Contract of Hire.—How Determined.*—The test of "continuity" of services rendered so as to take a case out of the operation of the statute of limitations does not depend so much upon continuous day-by-day performance, but rather upon whether all the services were performed under one contract, either express or implied, with no definite time fixed for payment, or whether they were rendered under several separate contracts. p. 241.

6. EXECUTORS AND ADMINISTRATORS.—*Claims Against Estate.—Implied Contract of Hire.—Continuous Services.*—In an action on a claim against a decedent's estate for compensation for services performed by claimant for her father-in-law during a period of about ten years, the action being based on the theory of an implied contract of hire, evidence *held* to sustain verdict for plaintiff, both as to the implied contract by deceased to pay for the services and as to the services being continuous. p. 241.

7. HUSBAND AND WIFE.—*Wife's Right to Separate Earnings.*—A wifes' separate earnings for services other than those rendered to the family belong to her, and, where she had performed services, it is a question of fact whether she contributed them as services for her husband or family, or performed them pursuant to an agreement between herself and the stranger for whom they were rendered. p. 242.

From Wabash Circuit Court; *Nelson G. Hunter,* Judge.

Action by Elizabeth Weesner on a claim against the estate of Allen Weesner, deceased, opposed by D. E. Weesner, administrator. From a judgment for plaintiff, the administrator appeals. *Affirmed.*

*A. H. Plummer, Walter G. Todd* and *Franklin W. Plummer,* for appellant.

*D. F. Brooks,* for appellee.

ENLOE, J.—The appellee filed a claim against the estate of Allen Weesner, deceased, for services alleged to have been rendered by her to decedent, in his lifetime. The claim, not being allowed, was transferred to the issue docket for trial. Answer was filed in four paragraphs: (1) General denial; (2) six years' statute of limitations; (3) payment; (4) set-off. The cause was submitted to a jury, which returned a verdict in favor of appellee in the sum of $875, upon which judgment was rendered.

The only error assigned and relied upon is the action of the court in overruling appellant's motion for a new trial.

The reasons assigned therein, which we are called upon to consider on this appeal, are the following: (a) The verdict is not sustained by sufficient evidence; (b) error in admitting certain testimony; (c) error in excluding certain offered testimony; (d) error in giving instruction No. 6, requested by appellee; (e) error in giving instruction No. 10, requested by appellee.

The appellant insists that his first and second points above are well taken, because the evidence does not show that the services of appellee, rendered to him during the last six years of his decedent's life, were worth $875, the amount of the verdict; and that therefore the verdict for this amount is not sustained by sufficient evidence and is excessive.

The theory of appellant is that, because the services rendered were not rendered continuously, in fact, but rendered at different times and covering

different periods, they were not therefore

1.    "continuous services" within the meaning of the law, and that therefore, at most, only those services rendered within the last six years next preceeding the death of Allen Weesner could be recovered for. In determining the question of continuity, it makes no difference whether the contract was express or implied. *Crampton* v. *Logan* (1902), 28 Ind. App. 405, 63 N. E. 51.

No express contract to pay for the services rendered and for which this claim was filed was alleged, or attempted to be proved. Appellee's case

2.    proceeded upon the theory of an implied contract, and it therefore became a question of fact for the determination of the jury whether the appellee did work or perform service for said Allen Weesner at his request; or, whether Allen Weesner knowingly availed himself thereof and accepted the benefits therefrom, knowing, or having reason-

3.    able grounds to believe, that appellee was expecting compensation therefor, he not being a member of the family of appellee, for, if such were the facts, the law will imply the promise to pay therefor what such services were reasonably worth.

If the circumstances authorized the person rendering the services reasonably to expect payment therefor, by way of furtherance of the inten-

4.    tion of the parties, or because reason and justice require compensation, the law will imply a contract therefor. *Crampton* v. *Logan, supra. Eppert* v. *Gardner* (1911), 48 Ind. App. 188, 93 N. E. 550.

The test of "continuity," so as to take the case

out of the operation of the statute, seems not to depend so much upon continuous day-by-day

5. performance, but rather is to be determined by the answers to the following questions: Were all the services performed under one contract, whether express or implied, with no definite time fixed for payment, or were they rendered under several separate contracts? In *Crampton* v. *Logan, supra.,* it was said: "Where no certain time is fixed for payment, or when the contract shall end, or where, as in this case, the evidence tends to support the theory that compensation was to be made to appellee at the death of Knight, if not before, the contract, whether express or implied, should be considered and treated as a continuous one, and the statute of limitations would not begin to run until the services were ended."

In this case there is evidence in the record tending to show the following facts: That Allen Weesner, at the time of his death in 1914, was more than

6. ninety years of age; that he was feeble in body and hard of hearing; that he was for several years prior to his death afflicted with disease of kidneys and had no power, by reason thereof, to control his urine; that after the death of his wife he was left alone, and had no one to look after and care for him, or for his house and home; that he continued to stay at his own home for a time, and while so doing appellee prepared and took to him his meals, and cared for his room, bed and clothing; that he also stayed for a time at the home of his son Wallace Weesner, husband of appellee, and while there the appellee cared for and waited upon him, kept his room, at her home, and also looked after the care of

his own home; that he also stayed for a short time in the home of another son, but spent most of the time, after the death of his wife, either at his own home, or at the home of the said son, Wallace; that he died at the home of his said son, Wallace.

The claim was for services covering a period of about ten years, and there is ample evidence in the record to sustain the verdict of the jury, both as to the implied contract by deceased to pay for same, and as to said services being continuous.

The objections by appellant to certain testimony were based upon the assumption that the six-year statute of limitations applied, on the theory that the services were not continuous. What we have heretofore said disposes also of this contention. The court did not err in the matter of receiving or excluding any of the testimony complained of by appellant.

Appellant next urges that the court erred in giving instructions Nos. 6 and 10, of those requested by appellee. Appellant's objection to those instructions is predicated upon the theory that, as appellee

7.   and her husband were living together, what she did for the deceased she did not do as a separate business of her own, but as a part of her husband's business, and that therefore she can have no independent claim.

In the case of *Kennedy* v. *Swisher* (1905), 34 Ind. App. 676, 73 N. E. 724, it was said: "While the statute does not relieve a married woman from the duty of personal service for her husband and family, it vests in her the ownership of earnings which accrue from her services for others. * * * She having performed the services, it was a question of fact whether she contributed them as services for her hus-

band or family, or performed them pursuant to an agreement between herself and the stranger for whom they were rendered." See, also, *Hamilton* v. *Estate of Hamilton* (1901), 26 Ind. App. 114, 59 N. E. 344.

There is no evidence in this record that would have warranted the jury in finding that appellee had been paid for her said services.

There has been no error presented, and the judgment is therefore affirmed.