HOSTETTER, ADMINISTRATRIX, *v.* DECAMP.

[No. 14,183.   Filed December 19, 1931.]

*Redmond & Emerick,* for appellant.

*Fred L. Bodenhafer* and *Whiteleather & Bloom,* for appellee.

LOCKYEAR, J.—Mary A. Decamp, the appellee, filed a claim against the estate of James Keller, deceased, for boarding, lodging, waiting upon, washing and mending clothing for decedent in his lifetime.   The itemized bill filed by appellee is for the total sum of $1,003 covering different times from January 19, 1920, to February 8, 1927.

There was a trial before a jury, with a verdict in favor of the appellee in the sum of $800, for which

amount judgment was rendered against the estate as by law provided.

The appellant filed a motion for a new trial on the grounds: (1) The verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law; (3) the court erred in giving instructions to the jury, on its own motion, numbered 7, 8 and 9; (4) the court erred in refusing to give to the jury instructions numbered 1, 2, 4, 8 and 12, requested by the appellant.

The action of the court in overruling said motion is assigned as error.

The evidence in this case is to the effect that the decedent was more than 70 years of age, and the appellee, with whom he lived, was his sister, and she was past 60 years of age. The decedent owned a small farm, and, during a part of several years before his death, he made his home with his sister, the appellee.

The questions involved were whether he was living with his sister as one of her family and whether there were such facts and circumstances as would imply that he agreed to pay for services which there is evidence to show that she rendered him; and the further question as to whether a part of the services were barred by the statute of limitations. They were all proper questions for the jury to determine under the instructions given by the court, which instructions we have examined and find that they fully and fairly state the law applicable to the facts of this case.

The facts in this case are similar in all essential particulars to the facts in the case of *Weesner, Admr.,* v. *Weesner* (1919), 71 Ind. App. 237, 124 N. E. 710, and, upon authority of that case, the judgment herein is affirmed.