FARMERS LOAN AND TRUST COMPANY, ADMR. *v.* MOCK.

[No. 15,224. Filed June 2, 1936.]

*Cloe, Campbell, Cloe & Cloe* and *Kemp & Kemp,* for appellant.

*C. W. Mount,* for appellee.

WOOD, P. J.—This is an appeal from a judgment recovered by the appellee, against the estate of William C. Mock, deceased, as compensation for services alleged to have been rendered by her to decedent, during his lifetime. Appellant filed a motion for a new trial, which was overruled, and this appeal followed. The only error assigned for reversal is the overruling of said motion. The causes alleged for a new trial, presented for our consideration in appellant's brief, and not waived, are that the verdict of the jury is not supported by sufficient evidence and is contrary to law; error in the admission of certain evidence; and error in refusal of the court to give certain instructions tendered by the appellant.

In answer to a set of interrogatories submitted to the jury at the request of appellant, the jury found as facts, that the appellee was the wife of one Claude

Mock, who was the son of the decedent, William C. Mock; that during all the time while the services for which compensation was demanded were rendered appellee and her husband lived together as husband and wife in a property owned by the decedent; that late in the spring or summer of 1923, appellee entered into a contract with decedent with reference to board and care; that in the spring or summer of 1923 the decedent agreed to pay appellee some sum per week or month for his board and care; that on about February 6, 1932, appellee entered into an agreement with one John R. Bowlin, guardian of decedent, for the board and care of decedent; that said guardian did not pay appellee in full for such services; that the amount said guardian failed to pay appellee for such services was $320; that the amount due appellee for services rendered decedent from January 28, 1923, to July 1, 1931, was $436; that the amount due appellee for such services from July 1, 1931, to October 26, 1931, was $20 per week; that there was due appellee for services rendered in extra washing for decedent the sum of $69. There was evidence in the record from which the jury could find these facts. The jury returned a general verdict for appellee in the sum of $825. In addition to the above facts found specially by the jury, there was evidence from which it could find that the appellee had the responsibility of preparing the meals, caring for and doing decedent's washing, and performing the actual physical labor incident to service rendered from January 28, 1923, to December 28, 1930, and from April 8, 1931, to July 1, 1931, and that the decedent had agreed to pay her the sum of $7 per month for this service; there was evidence from which the jury could find that for the service thus rendered the appellee had not received full compensation. There was evidence from which the jury could find that from July 1, 1931, to

October 26, 1931, the appellee rendered services to decedent and that for that period of time the services so rendered by her were worth $20 per week. Because of decedent's physical and mental infirmities, John R. Bowlin was appointed as his guardian, April 8, 1931. It was stipulated that pursuant to an agreement entered into between said guardian and decedent's sons, Earl and Claude Mock, they took care of their father from October 26, 1931, to February 15, 1932, for which service the guardian testified that he paid them the sum of $30 per week. Said guardian testified that about Feb-6, 1932, he entered into an agreement with appellee to care for decedent at an agreed price of $20 per week, and there is evidence from which the jury could find that appellee was to receive extra compensation for doing decedent's washing. Decedent died July 14, 1932. There was evidence from which the jury could find that in 1923, when appellee first commenced to render the alleged service, decedent was over seventy years of age; that at the time of his death he was near eighty-two years of age. The evidence is not in conflict that during the last years of his life his mental faculties became impaired; that as a result thereof he frequently soiled his person, clothing, bedding, and the room occupied by him; that on such occasions appellee would wash and cleanse decedent's person, bed, room, clothing, and bedding. The evidence is undisputed that decedent's mental and physical condition became so serious that it was necessary to keep him confined in his room from October, 1931, until his death.

The appellant does not contend that appellee did not render services to its decedent during the declining years of his life, nor does it contend that the amount of recovery is too large, but the appellant does contend that the evidence showed without conflict that the decedent was appellee's father-in-law; that she, together

with her husband, their children, and decedent were all occupying and living in a house furnished by decedent as a common family, pursuant to a contract under which decedent was to pay appellee's husband $7 per month for his board and care, and that there is no evidence to overcome the presumption that the services rendered by appellee were for her husband and in the line of her household duties; that any sum owing for board and care were due to appellee's husband and not due to her individually. Neither the facts which the jury was warranted in finding and which it did find from the evidence, nor the authorities, sustain appellant's contention.

The law did not cast upon appellee any family or legal duty to render decedent services by reason of the fact that she was his daughter-in-law. *Hamilton* v. *Estate of Hamilton* (1901), 26 Ind. App. 114, 59 N. E. 344. Whether or not appellee, her husband, her children, and appellant's decedent were living in the same house as a common family, whether or not the services rendered to appellant's decedent were to be considered as rendered to her husband as a part of her household duties, and whether or not there was a contract, either express or implied, that appellee was to receive compensation for her services, and if so the value thereof, were facts which were properly submitted to the jury for its determination. On these particular features of the case there was some conflict in the evidence, the jury by its verdict having determined these issues in favor of appellee, this court will not disturb its finding. *Eppert* v. *Gardner* (1911), 48 Ind. App. 188, 93 N. E. 550; *Hedrick* v. *Hedrick* (1911), 48 Ind App. 658, 94 N. E. 728 (transfer to Supreme Court denied November 21, 1911); *Kennedy* v. *Swisher* (1904), 34 Ind. App. 676, 73 N. E. 724; *Wainwright*

*Trust Co.* v. *Kinder* (1918), 69 Ind. App. 88, 120 N. E. 419.

By virtue of the provisions of Sec. 38-103, Burns 1933, Sec. 5664, Baldwin's Ind. St. 1934, the earnings and profits of a married woman accruing to her for service and labor, other than labor for her husband or family is her sole and separate property. By its verdict the jury found that the services rendered to the decedent by the appellee were not services or labor rendered to her husband or family, so she would be entitled to any earnings or profit derived therefrom as her sole and separate property. *Arnold* v. *Rifner* (1896), 16 Ind. App. 442, 45 N. E. 618; see also the recent case of *Offenbacker* v. *Offenbacker* (1934), 98 Ind. App. 689, 187 N. E. 903, where the facts involved and contentions made were quite similar to those in the instant case, and where the court discussed them somewhat in detail, collected and distinguished the authorities, and after doing so came to an opposite conclusion from that contended for by appellant.

The contention of appellant that after the appointment of the guardian in April, 1931, he furnished the decedent such necessaries as his condition demanded between July 1 and October 26, 1931, and that therefore the appellee was not entitled to compensation for services rendered during that period of time is not sustained by the evidence and is without merit. The verdict of the jury was sustained by sufficient evidence and was not contrary to law.

During the trial of the case, a witness called by the appellee was permitted to testify to a conversation which took place between decedent and appellee's husband, Claude Mock, the substance of which was that Claude and his family were to occupy decedent's house without paying rent, and that in addition thereto, decedent would pay Claude one-

half of $14 per month, the rent which decedent was receiving from another house, Claude to make a home and care for decedent. Appellant made a motion to strike out this answer, on the ground that it purported to show a contract between Claude Mock and decedent and could in no way affect appellee's claim. The motion was overruled. This was not error. The jury had a right to consider this evidence along with any other evidence properly before it for the purpose of determining whether or not the decedent intended to or understood that he was to pay for his board and care.

Appellee next complains of the action of the court in admitting in evidence, over its objection, a letter which appellee wrote to the guardian after his appointment, and which was received by him, notifying him, that because of the decedent's age and mental condition she could no longer care for him for the compensation which she had been receiving; that she was expecting to be paid the true value of her services, and would be glad to have him submit a proposition for her consideration. This letter was dated July 1, 1931. The objections urged against the introduction of this letter in evidence were that it was a self serving declaration, referred to a contract about which there was no evidence, and attempted to put in evidence statements of appellee when she was precluded from testifying. These objections were not tenable; there was evidence from which the jury could find that at the time the letter was written there was a contract between decedent and appellee regarding his care. The letter was written, addressed to and received by decedent's guardian who had been appointed for the express purpose of looking after and giving attention to the decedent's business affairs, advising him that if appellee continued rendering services and caring for decedent it would be necessary that some new rate of compensation be agreed upon, because

the change in Mr. Mock's age and mental condition made the work in caring for him much greater than it had theretofore been. There was no other person vested with authority, with whom appellee could communicate regarding decedent's care other than his guardian, and whether he acknowledged receipt of the letter or not it was notice to him that if appellee continued to care for the decedent she expected to receive reasonable compensation for such services. It was not error to admit the letter in evidence. The following authorities are of some assistance on this question. *Denny, Executor* v. *Denny* (1890), 123 Ind. 240, 23 N. E. 519; *Hamilton* v. *Estate of Hamilton, supra;* 22 C. J. p. 903, sec. 1106.

Finally the appellant complains of the action of the court in refusing to give certain instructions to the jury, which it tendered. We have examined these instructions, in connection with the other instructions which were given. The jury was fully and amply instructed upon all the issues submitted to it for its determination. It was not error to refuse to give the tendered instructions.

We have considered all questions presented by appellant's brief.

Finding no reversible error, the judgment is affirmed.