The Ohio and Mississippi Railway Company *v.* Cosby *et al.*

Filed June 15, 1886.

---

No. 12,620.

THE OHIO AND MISSISSIPPI RAILWAY COMPANY *v.* COSBY
ET AL.

HUSBAND AND WIFE.—*Action for Personal Injuries to Wife.* —*Parties.*—*Pleading.*—In an action to recover damages for personal injuries to the wife, the husband is a proper but not a necessary party.

SAME.—While the husband is presumptively entitled to maintain a separate action to recover for medical attendance, loss of service and of the society of the wife, he can not recover for these in an action in which the wife is suing for injuries to her person, nor can such damages be recovered by them jointly.

SAME.—*Measure of Damages.*—In an action by a married woman to recover damages for personal injuries, she is entitled to nothing for medical attendance, or loss of time, unless special circumstances rebutting the presumptive right of the husband to recover therefor, is averred and proved.

SAME.—*Instruction to Jury.*—In such an action, an instruction "that in order to justify the assessment of damages for future or permanent disability, it must appear that continued or permanent disability is reasonably certain to result from the injury complained of," correctly states the law.

BILL OF EXCEPTIONS.—*Delay of Judge in Signing.*—*Practice.*—If a proper bill of exceptions is prepared and presented to the judge within the time allowed, his delay in signing and causing it to be filed, will not deprive the party of its benefit.

From the Dearborn Circuit Court.

*C. A. Beecher, H. D. McMullen* and *P. Werner*, for appellant.

*O. F. Roberts, G. M. Roberts* and *C. W. Stapp*, for appellees.

MITCHELL, J.—Lizzie Cosby and her husband joined in a complaint against the Ohio and Mississippi Railway Company, to recover damages for an alleged injury to the wife. The complaint charges that Mrs. Cosby, having taken passage on one of the railway company's trains, arrived at Aurora, her place of destination, and having left her seat and stepped upon the first step leading from the rear platform of the car in which she had been seated, while waiting there for the train to stop, the conductor, carelessly and negligently seized her by the arm, and with force, while the train was in motion, without fault on her part, pulled her violently on to the platform of the depot.

Damages in the sum of $5,000 are alleged to have accrued to the wife on account of internal injuries sustained by the misconduct of the conductor.

A demurrer was overruled to the complaint, after which, upon issues joined, the cause was tried by a jury, with the result that a verdict and judgment were rendered for the plaintiff. The ruling on the demurrer is complained of.

The appellant contends, the husband having joined his wife in suing for a personal injury to the latter, that as the complaint stated no cause of action in favor of both, the demurrer for want of sufficient facts was well taken.

The general rule is, as the appellant argues, that a complaint, to withstand a demurrer, must state a cause of action in favor of all the plaintiffs. *Holzman* v. *Hibben,* 100 Ind.

338; *Darkies* v. *Bellows*, 94 Ind. 64; *Parker* v. *Small*, 58 Ind. 349.

An exception occurs, when, as in this case, the plaintiffs are husband and wife, and the action relates to injuries to the person or character of the latter. In such cases, while it is not necessary, it is not improper, to join the husband. *Hamm* v. *Romine*, 98 Ind. 77; *Roller* v. *Blair*, 96 Ind. 203; *Rogers* v. *Smith*, 17 Ind. 323.

The complaint was to recover for the personal injuries sustained by the wife. It embraced no cause of action in favor of the husband. It was nevertheless, under the authorities cited, not subject to demurrer on that account. That the wife might have maintained an action in her own name, without joining her husband, as provided in section 5132, R. S. 1881, does not alter the case. That a different rule is held by some of the courts may be conceded. *Michigan Central R. R. Co.* v. *Coleman*, 28 Mich. 440, and cases cited. There was no error in overruling the demurrer to the complaint.

The correctness of the following instruction, given by the court, is next called in question:

"If you find for the plaintiffs, then you will determine from the evidence the amount the plaintiffs are entitled to recover, not exceeding, however, the amount demanded in the complaint; and in estimating the damages, if any are proved, you should take into consideration the injury inflicted upon the plaintiff, Lizzie Cosby, the pain and suffering undergone by her in consequence of her injuries, if any are proved, and also any permanent injury sustained by her, if the jury believe from the evidence that the said plaintiff has sustained permanent injury from the wrongful acts complained of, and also the expense of medical attendance, if any, and for loss of time occasioned by said injuries, if any is shown by the evidence."

This instruction proceeded upon the erroneous assumption that the jury were authorized to include in their assessment the damages recoverable by the husband, as well as those

The Ohio and Mississippi Railway Company *v.* Cosby *et al.*

which the wife might recover for her separate use. This was a fatal error. Presumptively, the husband was entitled to maintain a separate action to recover for medical attendance, loss of service and of the society of his wife. He could not recover for these in an action in which his wife was suing for injuries to her person, nor could such damages be recovered by them jointly. It was equally impossible, as the complaint was framed, for the wife to recover for medical attendance, or loss of time. Her right was limited to recover for the injuries to her person, including pain, anguish of mind, and all such other damages as were not presumptively injuries to the husband. *Long* v. *Morrison,* 14 Ind. 595; *Fuller* v. *Naugatuck R. R. Co.,* 21 Conn. 557; *Baltimore, etc., R. W. Co.* v. *Kemp,* 61 Md. 74 (47 Am. R. 381*n*); *Oregin* v. *Brooklyn, etc., R. R. Co.,* 75 N. Y. 192 (31 Am. R. 459); 2 Wood's Railway Law, 1245.

In Iowa, by statute, in a suit by a husband and wife, for injuries to the wife, the husband may join thereto claims in his own right. *McDonald* v. *Chicago, etc., R. R. Co.,* 26 Iowa, 124.

In support of the charge under consideration, it is plausibly argued that, inasmuch as, under the statute of 1881, a married woman has power to incur liability for medical attendance, and since she has the right to the profits of her own labor, such attendance and loss of time constituted proper elements of damage in her favor.

That the situation of a married woman might be such that in an action for an injury to her person she might also recover for medical attendance, and for loss of time, may be conceded, but to warrant such a recovery some special circumstances, rebutting the presumptive right of the husband, must be averred and proved. No claim is made of any such averments or proof.

The appellant requested the court to instruct the jury, that in order " to justify the assessment of damages for future or permanent disability, it must appear that continued or per-

manent disability is reasonably certain to result from the injury complained of."

This was a proper instruction. In *Cleveland, etc., R. R. Co.* v. *Newell,* 104 Ind. 264, it is said the jury may "take into consideration all the consequences of the injury, future as well as past, when the proof before them renders it reasonably certain that future loss and suffering are inevitable." That an injury may possibly result in permanent disability, will not warrant the assessment of damages for a possible disability, unless it is also reasonably certain to follow.

Rulings of the court having relation to the propriety of certain hypothetical questions propounded on both sides are presented for consideration. As these rulings involve the frame of the particular questions, rather than any principle, and as we think it scarcely possible that questions of that character could assume the same shape on a second trial, we do not consider them. For obvious reasons, the ruling of the court on the motion for a new trial, for newly discovered evidence, is not considered.

It only remains that we notice the insistence of appellee, based on *LaRose* v. *Logansport Nat'l Bank,* 102 Ind. 332, to the effect that the bill of exceptions containing the evidence and instructions of the court is not in the record. The case under consideration is distinguishable from that relied upon. Besides, it may be considered that the case cited and relied upon is explained and in a degree modified by *Robinson* v. *Anderson,* 106 Ind. 152, where it is held that if a proper bill of exceptions is prepared and presented to the judge within the time allowed, his delay in signing and causing it to be filed will not deprive the party of its benefit. Within this rule the bill of exceptions is properly in the record.

For the reasons given the judgment is reversed, with costs.

Filed June 4, 1886.