The City of Portland v. Taylor.

No 14,547.

## THE CITY OF PORTLAND v. TAYLOR.

NEGLIGENCE.—*Personal Injuries.*—*Action Against City for Damages.*—*Complaint.*—*Sufficiency of.*—In an action against a city to recover damages for personal injuries, it was averred in the complaint that the sidewalk along a particular street was twelve feet in width; that the city had constructed a portion of the walk over a ditch, in an alley, only three feet wide, leaving it without any protection at the sides, or any lights or danger signals, so that the plaintiff in passing along the sidewalk, without knowledge of the situation or condition of the walk at the alley, stepped off into the ditch, thereby sustaining the injuries complained of, without any fault on her part.

*Held*, that the facts stated in the complaint constituted a good cause of action against the city for negligence.

PARTIES.—*Personal Injuries of Wife.*—*Action to Recover Damages for.*—*Husband not Necessary Party.*—The husband is not a necessary party in an action to recover damages for personal injuries sustained by the wife, and it is not error to dismiss as to him.

From the Jay Circuit Court.

*W. H. Williamson, D. T. Taylor* and *R. H. Hartford,* for appellant.

*L. J. Baker,* for appellee.

MITCHELL, J.—Eva Taylor and her husband brought suit against the city of Portland to recover damages for personal injuries alleged to have been sustained by the plaintiff, Eva Taylor, on account of the neglect of the city in permitting a sidewalk within the corporate limits to be in a dangerous condition.

It is alleged that the sidewalks along a particular street were twelve feet in width, and that the city had constructed a portion of the walk over a ditch, in an alley, only three feet wide, leaving it without any protection at the sides, or any lights or danger signals, so that the plaintiff in passing along the sidewalk, without knowledge of the situation, or condition of the walk at the alley, stepped off into the ditch, thereby sustaining the injuries complained of, without any

fault on her part. The facts stated in the complaint constitute a good cause of action against the city for negligence.

There was no error in permitting Charles S. Taylor, the husband, to be dismissed out of the case. He was not a necessary party, and it was wholly immaterial what the purpose was in dismissing him from the case. He had no interest in the action. *Ohio, etc., R. W. Co.* v. *Cosby,* 107 Ind. 32.

Dismissing the husband from the case in nowise affected the wife's right to proceed with the action, and it is, therefore, plain that the motion to dismiss, insisted upon by the city, was properly overruled.

The evidence fairly sustains the finding of the court. The court committed no error in excluding an extract from a newspaper, offered in evidence. It is difficult to conceive what relevancy the evidence offered had to any issue, or inquiry before the court.

Judgment affirmed, with costs, with 10 per cent. damages.
Filed Oct. 29, 1890.