## ELLIOTT ET AL. v. ATKINSON ET AL.

[No. 6,696. Filed February 4, 1910.]

1. HUSBAND AND WIFE.—*Wife's Right to Contract.*—A married woman may contract to care for the children of another, not a member of her husband's family, and enforce payment therefor in her own name. p. 292.

2. HUSBAND AND WIFE.—*Contracts of Wife.—Caring for Infants.— Fraudulent Conveyances.*—A married woman who contracts to care for another person's children has the right to the compensation therefor; and land purchased with the money so received cannot be taken in payment of the debts of her insolvent husband. p. 292.

From Carroll Circuit Court; *James P. Wason,* Judge.

Suit by Almon D. Elliott and another against David Atkinson and another. From a judgment for defendants, plaintiffs appeal. *Affirmed.*

*J. Walter Wilstach, L. D. Boyd, G. W. Julien* and *O. E. Brumbaugh,* for appellants.

*John W. Strawn* and *Robert C. Pollard,* for appellees.

COMSTOCK, J.—Appellants, plaintiffs below and creditors of appellee David Atkinson, brought this suit against appellees to set aside an alleged fraudulent conveyance to appellee Belle Atkinson of certain described real estate, on the ground that the consideration for said conveyance was paid for with the money of appellee David Atkinson, and that Belle Atkinson paid no consideration therefor. It is asked that said real estate be sold, and the proceeds applied to the payment and satisfaction of appellants' claim against David Atkinson.

Upon issues joined the cause was tried by the court, resulting in a judgment in favor of appellees, and against appellants for costs. Appellants' motion for a new trial was overruled. The controlling question is whether the consideration for the conveyance of the real estate in controversy was paid by appellee Belle Atkinson with her own money, or whether

the consideration was paid with money which belonged to appellee David Atkinson.

The evidence shows, without conflict, that in the year 1894 the appellees were husband and wife, keeping house and living together, the husband furnishing the usual provisions, and that they "have ever since maintained said relation." In 1894 or 1895 Frank Cochran was a widower and the father of two children, one six months old and the other two years old. Appellee Belle Atkinson was a cousin of Cochran's deceased wife, and in no other way was she or her husband related to him. According to the testimony of Cochran and Belle Atkinson, and such testimony is without contradiction, the latter took these children to care for and support them. They lived with appellees and were treated as members of the family, and at the commencement of this suit were still with appellees. There was no express contract at the time the children were taken into the home of the Atkinsons as to compensation for their care, but Cochran, "of his own free will," paid to Belle Atkinson in 1901, $150; in 1902, $400; in 1903, $300; in March, 1904, $400; and in November, 1904, $200, as compensation for said services. The money was delivered to her. "I gave the money to Mrs. Atkinson," is the language of Mr. Cochran. All the money, except $200 paid in November, was deposited in the bank to her credit. In 1904, acting as agent for his wife, David Atkinson bought the real estate in question, and the deed was executed to her as grantee, and she paid for said real estate $475 out of the money received by her from Cochran. At the time of said purchase, David Atkinson was insolvent. During the years Belle Atkinson cared for the children she had received more than $1,000 as the result of her thrift and industry. When the property in question was purchased, the wife did not know that her husband was in debt, and had no intention to defraud his creditors. There is no direct evidence whether the original arrangement for the care of the children was with the husband or the wife. But, under the circumstances,

the age of the children being such as to call for the help of one especially fitted to take the place of a mother, would indicate that the arrangement was made with the wife. "The earnings and profits of any married woman, accruing from her trade, business, services or labor, other than labor for her husband or family, shall be her sole and separate property." §7867 Burns 1908, §5130 R. S. 1881.

A married woman may lawfully contract to furnish board and perform services in caring for persons other than her husband or family, and may lawfully charge therefor and enforce payment in her own name. *Hamilton* v. *Estate of Hamilton* (1901), 26 Ind. App. 114; *Wasem* v. *Raben* (1910), *ante*, 221.

The services rendered in this case were rendered to one to whom Belle Atkinson owed no duty. The care required for these motherless children and received by them at her hands was peculiarly within the offices of a woman. They were not services she owed her husband or his family. While she "cared for and acted as a mother to these children," the facts do not bring the case within the rule, that where a wife performs services for a third person, at the time a member of her husband's family, and as a part of her household work, the compensation therefor belongs to the husband. These services were rendered for the father and paid for by him. They were paid to Belle Atkinson, and, under the law, the proceeds were and ought to have been her own.

Judgment affirmed.