## P. B. Arnold Company *v.* Buchanan.

[No. 8,930. Filed January 28, 1916.]

1. Landlord and Tenant.—*Use of Premises.*—*Injuries from Dangerous Condition.*—*Action.*—*Instruction.*—In a tenant's action for personal injuries from a defect in the rented premises, an instruction that the averments in the complaint descriptive of the injuries were material averments, but that it was not necessary for plaintiff to prove all such averments as to injury if any of the injuries were proved by a preponderance of the evidence, was not objectionable as failing to inform the jury what elements were necessary to be made out, since it was directed solely to the subject of the necessity of proving all the averments on the subject of injury, and in that respect stated the law correctly. p. 629.

2. Landlord and Tenant.—*Tenant's Right to Possession.*—*Default in Payment of Rent.*—Where a tenant makes proper effort to pay rent at the time and place when due, but is prevented from doing so by the acts and conduct of the landlord, such default does not deprive the tenant of the right to the possession of the rented premises. p. 631.

3. Landlord and Tenant.—*Default in Payment of Rent.*—*Notice to Vacate.*—*Extension of Tenancy.*—A notice given to a tenant on default in payment of rent, expressly notifying the tenant to deliver up the possession at the expiration of ten days from the time of receiving the notice, "unless the rent now due is paid within said time", operates to waive any right which the landlord may have to immediate possession by reason of such default, and extends both the time of payment and the tenancy for a period of ten days. p. 632.

4. Damages.—*Injury to Wife.*—*Instruction.*—In a married woman's action against her landlord for personal injuries caused by a defect in the premises, where the complaint showed that plaintiff

P. B. Arnold Co. *v.* Buchanan—60 Ind. App. 626.

was employed by an electrical company, and the only evidence on the subject of wages earned by plaintiff had relation to the wages she earned by reason of such employment, an instruction telling the jury that in determining the amount of damages to be awarded it had a right to consider plaintiff's loss of time and wages, if any, did not authorize the consideration of loss of time or wages for which the husband would be entitled to recover, and was properly given. pp. 633, 634.

5. HUSBAND AND WIFE.—*Property Rights of Wife.—Rights to Earnings and Proceeds of Suit.—Statutes.*—Under §§7867, 7868 Burns 1914, §§5130, 5131 R. S. 1881, the earnings and profits of a married woman accruing from her trade, business, services or labor, other than labor for her husband or family, are her sole property, and she may maintain an action in her own name for damages for any injury to her person the same as if she were sole and the money recovered shall be her separate property. p. 633.

6. APPEAL.—*Review.—Instructions.—Duty to Request.*—In a wife's action for personal injuries, where the complaint alleged that plaintiff was employed by an electrical firm, and there was no evidence as to loss of wages except as to wages earned in such employment, defendant should have requested an instruction advising the jury that plaintiff could not recover for loss of time or services belonging to her husband, if such was deemed necessary for the protection of its interests. p. 634.

7. APPEAL.—*Review.—Harmless Error. — Instructions. — "Approximately".—"Proximately".*—The words "approximately" and "proximately" are so nearly synonymous that the use of the word "approximately" in an instruction instead of the word "proximately", did not render the instruction fatally defective. p. 634.

8. APPEAL.—*Review.—Refusal of Instructions.*—There is no error in the refusal of an instruction which, in so far as it was correct, was fully covered by instructions given. p. 635.

9. NEGLIGENCE.—*Repairing Occupied Rooms.*—Where defendant was employed to repair rooms which it knew to be occupied, its knowledge imposed upon it a duty to use ordinary care with reference to the occupants, regardless of whether the occupancy was lawful or otherwise. p. 635.

From Superior Court of Allen County; *Carl Yaple*, Judge.

Action by Clarise J. Buchanan against the P. B. Arnold Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Ballou, Hoffman & Romberg*, for appellant.

*Wm. C. Ryan, C. B. Aldrich* and *Emrick & Emrick*, for appellee.

HOTTEL, J.—This is an appeal from a judgment for $300 in appellee's favor in an action brought by her against Preston B. Arnold and Earl Arnold, doing business under the firm name of P. B. Arnold & Co., and Flora Weis, to recover damages for personal injuries alleged to have resulted from the negligence of the defendants. During the progress of the trial, the action was dismissed as to the defendant Flora Weis and by agreement of the parties the appellant, "P. B. Arnold Company", a corporation, was substituted below as party defendant instead of Preston B. Arnold and Earl Arnold. The errors assigned and relied on for reversal in this court and presented by appellant's brief are the overruling of appellant's motion for judgment on the answers to interrogatories and its motion for a new trial.

The averments of the complaint necessary to an understanding of the questions herein considered are in substance, as follows: On November 5, 1911, Flora Weis was the owner of a lot in the city of Fort Wayne, Indiana, on which was located a two-story building, and on that day appellee and her husband rented and leased from said Weis three rooms on the second floor of said building and agreed to pay, and did pay, therefor, $5 per month. Appellee and her husband and son occupied said rooms until March 17, 1912. During that period appellee was employed at the General Electric Works in said city. On March 13, 1912, she went to her work as usual, and before leaving her rooms she securely locked the doors. While she was away and so engaged, said Weis employed appellant to make certain repairs to the first story of said house. During appellee's absence, appellant entered her rooms without her knowledge or consent and removed some boards from the floor of her bedroom and

negligently left a hole in the floor about two feet
square. Appellee returned from her work that eve-
ning about 7 o'clock, and, not knowing that anyone
had been in her rooms, entered the same. It was
then dark and she went into the bedroom to turn
on the light and stepped into said hole made by the
appellant, which caused her to fall forward against
the iron bars of the foot of the bed that was in said
bedroom, fracturing her jaw, dislocating her left
leg, etc. Said injuries were occasioned wholly by
the careless, negligent and wrongful acts of appel-
lants and each and all of them, and without any
fault or negligence on the part of appellee.

We will first consider the questions presented by
appellant's motion for a new trial. Complaint is
made of instructions Nos. 1, 2, 3, 4 and 5
1. given at request of appellee. Instruction No.
1 reads, as follows: "The averments in the
complaint descriptive of the injuries claimed to have
been sustained by the plaintiff are material aver-
ments, but the court instructs you that it is not
necessary for the plaintiff to prove all such aver-
ments as to injury. If any of the injuries are proved
by (a) preponderance of the evidence and the other
elements of plaintiff's case have been made out by
(a) preponderance of the evidence, and the defense
of contributory negligence had not been established
by the evidence, you will find for the plaintiff."
The objection to this instruction is, that it fails to
inform the jury what the elements of the plaintiff's
case are, that are necessary to be made out; and that
for this reason it is indefinite, uncertain and mis-
leading. It is not contended that the instruction was
erroneous, nor does appellant indicate in what way
the jury could have been misled thereby. The in-
struction does not purport to enumerate the ele-
ments essential to the cause of action stated in the

complaint, but is directed to the subject of the necessity of proving all the averments contained therein on the subject of injury, and, in such respects, states the law correctly. As to the other elements essential to appellee's cause of action, appellant's rights were completely safeguarded by other instructions as favorable to appellant as the law applicable thereto would warrant.

Appellee's instructions Nos. 2 and 4, each relate to the subject of her possession of the premises in question at the time of her injury and present what appellant seems to regard as the controlling question of the appeal. They are as follows: 2. "One of the questions in this case is as to whether the plaintiff was in lawful possession of the premises described in the complaint at the time of the injury averred. The plaintiff contends that she was in lawful possession by reason of the contract of tenancy, and was such lawful occupant on the fourteenth day of March, 1912. The defendants assert that the tenancy had expired previous to the injury, that is to say on the fourth day of March, 1912. It is admitted that the injury, if any, occurred on March 14, 1912. The court instructs you that if the plaintiff rented the premises for an indefinite time, with rent payable monthly, on the fourth day of each month, in advance, then it was the duty of the plaintiff on the fourth day of March, 1912, to pay or tender to the defendant, Weis, the rent due on said day. The court further instructs you that if the plaintiff on said day sought the defendant, Weis, for the purpose of tendering the money for the rent for the month commencing March 4, 1912, and was ready and willing to pay the same, but by reason of the absence of the defendant, Weis, if the evidence shows such absence, was prevented from paying such rent or tendering

the same and you further find from the evidence that the plaintiff made reasonable effort on the day the rent became due, to offer and tender the rent due, at place where it was to be paid, and by acts of defendant, Weis, was prevented from so doing, if she was so prevented, all of said acts and facts to be proved by the plaintiff by preponderance of the evidence, then the court instructs you that the plaintiff was in the rightful possession of the premises."
4. "On the question as to whether the plaintiff was in rightful possession of the premises, on the fourteenth day of March, 1912, the court further instructs you that if the plaintiff rented the premises for an indefinite time, with the rent payable monthly in advance on the fourth day of each month and you further find by preponderance of the evidence the following facts, if facts they are, that on the fifth day of March, 1912, the rent, so payable in advance had not been paid, (or) properly tendered, and on said day the defendant, Weis, served upon the plaintiff in this case, a written notice to deliver up possession of the property, in ten days or pay the rent then due, then the court instructs you that the plaintiff would not be in unlawful possession of said premises, until the expiration of ten days from the time of service of said notice." Appellant's first objection to instruction No. 2, *supra*, stated in its own language, is as follows: "The fact that on March 4, the tenant attempted to make a payment of the rent, certainly would not make the tenant in lawful possession on March 14, when the injury is alleged to have occurred. Especially when it is shown that thereafter a written notice was served upon the plaintiff to pay the rent or vacate, and when the fact is found by the jury that this rent never was paid." Appellant must concede, and we assume, that such is the effect of its conten-

tion, that even though appellee failed to pay the rent when due, if she made a proper effort to pay, at the time and place of payment, and was prevented from doing so by the acts and conduct of her landlord, such default in payment would not deprive appellee of her right to possession. Appellant, however, attaches importance to the fact that the instruction told the jury in effect that if it found the facts to be as indicated in the instruction the appellee was in the rightful possession of the premises *when she was injured, which was on March 14*, and ten days after said default in payment of rent, and that the evidence showed that on March 5 the landlord, Mrs. Weis, served notice on appellee to deliver up possession of the premises. Assuming, without deciding, that after a proper effort to pay the rent due and failure because of the landlord's acts and conduct, it was appellee's duty in order to retain her right to possession to stand ready and willing to pay the delinquent rent upon demand by the landlord, the notice in question was not such a demand. The notice is undisputed. It bears date, March 5, 1912, and by its express language notifies appellee *"to deliver up * * * at the expiration of ten days from the time of the receiving of this notice the possession* of the following described property, to wit: * * * *unless the rent now due is paid within said time."* Regardless of who was to blame for the default in the payment of rent due, the effect of this notice was to waive any right to immediate possession, which the landlord may have had on account of such default, and to extend the time of payment ten days and continue the tenancy for the same period, which took it beyond the date of appellee's injury. As affecting said question of waiver see, *Merrell* v. *Garver* (1913), 54 Ind. App. 514, 101 N. E. 152;

*Templer* v. *Muncie Lodge, etc.*, (1912), 50 Ind. App. 324, 97 N. E. 546. It follows that the objection indicated to said instruction can be of no avail. Other objections are made to this instruction, but they are untenable and need not be considered. What we have said in disposing of instruction No. 2, likewise disposes of instructions Nos. 3 and 4.

Appellant complains of that part of instruction No. 5 which reads, as follows: "In determining the amount of damages to be awarded you have a right to consider the nature of the injury, if any, loss of time, if any, *loss of wages*, if any, together with any physical pain or mental anguish that the plaintiff may have endured, you have a right to consider the effect of such injury upon her health, if any, and as to whether the injury, if any, will be permanent or temporary. All injury must be approximately produced by the negligent acts complained of * * * ." Appellant contends that such instruction is erroneous, (1) because a married woman may not recover for loss of time or loss of wages; and (2) that part of the instruction which reads: "All injury must be *approximately* produced by the negligent acts complained of" is erroneous and misleading. Since the enactment of the statute of 1879 (§§7867, 7868 Burns 1914, §§5130, 5131 R. S. 1881), the earnings and profits of any married woman, accruing from her trade, business, services or labor, other than labor for her husband or family, are her sole property, and she may maintain an action in her own name against any person or body corporate for damages for any injury to her person the same as if she were sole and the money recovered shall be her separate property. *Kennedy* v. *Swisher* (1905), 34 Ind. App. 676, 73 N. E. 724; *Arnold* v. *Rifner* (1896), 16 Ind. App. 442, 45 N. E. 618; *Elliott* v. *Atkinson*

(1910), 45 Ind. App. 290, 90 N. E. 779.   The averments of the complaint show that appellee was employed at the General Electric Company of Fort Wayne, Indiana, and the only evidence in the case on the subject of *wages* earned by appellee is that relating to the *wages* which such company paid her for services rendered it.   There was no evidence relating to the subject of *wages* earned by appellee in her home working for her husband or family.   In view of the averments of the complaint and the evidence it was entirely proper for the court to tell the jury that in determining the amount of damages to be awarded it *"had a right to consider"* appellee's loss of time and wages, if any.   If appellant thought it necessary to protect its interest to have an instruction expressly telling the jury that appellee could not recover for any damages which might result to the husband, on account of any loss of appellee's time or service, resulting from her injuries, it should have tendered such instruction.   There is nothing in the instruction complained of that authorizes the jury to consider any such loss of time or wages.   The instruction is open to the criticism, *supra*, that the word *"approximately"* is used where *"proximately"* should have been used; but the words are so nearly synonymous in meaning that the use of the less appropriate word in this case could not have had the slightest influence or effect on the verdict reached by the jury, and hence could not have harmed appellant. *Pledger.* v. *Chicago, etc., R. Co.* (1903), 69 Neb. 456, 95 N. W. 1057, 1060; 1 Words and Phrases 477; §§405, 700 Burns 1914, §§396, 658 R. S. 1881.

Appellant also complains of the court's refusal to give its instruction No. 15.   It is sufficient to say that this instruction, to the extent that it was

proper, was covered by others given at appellant's request. The instructions taken as a whole were very favorable to appellant, indeed, more favorable than the law justifies.

The instructions above set out disclose that under them appellee's right to recover was made to depend on whether she had defaulted in the payment of her rent and thereby lost her right to lawful possession of the premises in question. They ignore any possibility of appellee's right to recover against appellant, except she was lawfully entitled to possession of said premises. This is true of all the instructions tendered by either appellant or appellee, and in determining the correctness of the instructions on such subject we have limited our consideration of them to the objections made against them, and considered them solely with reference to the theory of liability adopted by the parties and the trial court, with no intention of intimating that such theory was correct. Upon such theory, the instructions were as favorable to appellant as the law would permit, and the theory itself more favorable. This is so because there was evidence showing that when appellant entered the rooms occupied by appellee and made the hole in the floor, into which appellee stepped, it knew some one occupied the rooms, and the jury found in answer to the interrogatories that the appellant knew when it started to wire said house on March 14, 1912, that some one was *lawfully living* in the upstairs rooms. Whether such occupancy was lawful or unlawful, appellant could not ignore its knowledge thereof, and such knowledge imposed on it a duty to use ordinary care with reference to such occupants. *Peru Heating Co.* v. *Lenhart* (1911), 48 Ind. App. 319, 326, 95 N. E. 680; *Cleveland, etc., R. Co.* v. *Means* (1915), 59 Ind. App. 383, 104 N. E. 785, 108 N. E. 375;

*Donnelly* v. *Hufschmidt* (1889), 79 Cal. 74, 21 Pac. 546; *City of Shawnee* v. *Cheek* (1913), 41 Okl. 227, 137 Pac. 724, 51 L. R. A. (N. S.) 672, 675, Ann. Cas. 1915 C 290.

The answers to interrogatories are in the main entirely consistent with the general verdict, and any apparent inconsistency between the two is not of that irreconcilable character necessary to warrant a judgment on such answers.

We find no error in the record, the judgment below is therefore affirmed.

NOTE.—Reported in 111 N. E. 204. As to liability of landlord for letting dangerous premises, see 66 Am. St. 785. On the right of married woman to recover for loss of time, services, wages or impaired capacity to labor, see 20 L. R. A. (N. S.) 215; 4 Ann. Cas. 205. See, also, under (2) 24 Cyc 1352; (3) 24 Cyc 1360; (4) 21 Cyc 1574; (5) 21 Cyc 1393, 1526; (6) 3 C. J. 850; 38 Cyc 1693; (7) 38 Cyc 1595; (8) 38 Cyc 1711; (9) 29 Cyc 443.