Pauline SESTITO, Plaintiff-Appellant,

v.

Charles M. KNOP, and Insurance Company of North America, a foreign corporation, Defendants-Appellees.

No. 13441.

United States Court of Appeals Seventh Circuit.

Nov. 17, 1961.

John R. Collins, Milwaukee, Wis., Paul Rahm, Iron Mountain, Mich., Steven E. Keane, Foley, Sammond & Lardner, Milwaukee, Wis., for plaintiff-appellant.

Kurt H. Frauen, Arthur Wickham, Wickham, Borgelt, Skogstad & Powell, Milwaukee, Wis., for defendants-appellees.

Before HASTINGS, Chief Judge, and CASTLE and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This action was brought by plaintiff, Pauline Sestito, to recover for the loss of consortium of her husband and for services she had rendered him as a result of the alleged negligence of defendant, Charles M. Knop. The asserted claim arises out of an automobile collision occurring in Wisconsin which resulted in personal injuries to plaintiff's husband, Bruno Sestito. The District Court granted defendants' motion to dismiss on the ground that plaintiff's claim for damages is not recognized in the State of Wisconsin.

The marital domicile of the plaintiff and her husband is in the State of Michigan. It is undisputed that under Michigan law a wife may recover for services and loss of consortium when her husband is injured due to the negligence of a third party. Montgomery v. Stephan, 359 Mich. 33, 101 N.W.2d 227 (1960). It is also undisputed that she has no such cause of action in Wisconsin, Nickel v. Hardware Mutual Casualty Co., 269 Wis. 647, 70 N.W.2d 205 (1955). Thus, the sole issue is whether the District Court should apply the law of the State of Michigan or the law of the State of Wisconsin in determining if plaintiff may pursue her claim. In resolving the issue, the Court is bound to apply the

**34**

conflict of laws rule of Wisconsin, which is the forum state. Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

■ Wisconsin courts have not had occasion to pass upon the point presented here. However, it is agreed that it is the *lex loci delicti*, which determines the right to recover in a tort action. The place of the wrong has been defined as " * * * [T]he state where the last event necessary to make an actor liable for an alleged tort takes place," Restatement of the Law of Conflict of Laws, Section 377.

Plaintiff contends that her action is distinct from that of her husband and that the wrong done to her consisted of an injury to the marital relation and is thereby to be governed by the law of the situs of this relationship. According to plaintiff's theory, her interest is in the nature of a property interest. Consequently, she claims the last event necessary to make defendant liable occurred where this interest was located, not where her husband was injured, and that the interest was located in the domiciliary state.

■ We cannot agree with plaintiff's contention. The turning point of this case is the fact that plaintiff's action is derivative; it is collateral to the husband's injury. Analogous, are cases which arise under the Wrongful Death Statutes. In such cases the right of the beneficiary to sue is a distinct action, but it is derived from the death of the deceased. It has long been held in this regard that, "The place of wrong * * means the place of wrong to the decedent, not where pecuniary loss is caused to his relatives." Restatement of the Law of Conflict of Laws, Section 391, Comment (a). One of the elements of damages when a widow sues under the Death Statute of Wisconsin is the loss of companionship and society. Wis. Stats. § 331.04 [4] (1959); Cameron v. Union Automobile Ins. Co., 210 Wis. 659, 246 N.W. 420, 247 N.W. 453 (1933).

The injury alleged here is not analogous to the injuries involved in the alien-ation of an affection or in the publication of a libel which are direct injuries and not derivative.

What rights the injured husband has and what rights others may have as a result of his injury must logically be determined by the law of the state in which the primary harm was inflicted. Absent Wisconsin decisions on this point, and in view of the analogous holding in Anderson v. Miller Scrap Iron Co., 176 Wis. 521, 182 N.W. 852, 187 N.W. 746 (1922), wherein the Wisconsin Supreme Court ruled that the rights of the parties in a wrongful death action are governed by the law of the state where the accident occurred, we conclude that the foregoing conflict of laws rule is the one which the State of Wisconsin would apply.

Similar reasoning has been employed by other courts in the few times that this precise question has arisen. Jordan v. States Marine Corporation of Delaware, 9 Cir., 257 F.2d 232 (1958); McVickers v. Chesapeake and Ohio Ry. Co., D.C., 194 F.Supp. 848 (1961).

The judgment dismissing the action is affirmed.