Josephine **MISKUNAS**, Plaintiff-Appellant,

v.

**UNION CARBIDE CORPORATION**, Defendant-Appellee.

No. 16482.

United States Court of Appeals Seventh Circuit.

July 8, 1968.

Rehearing En Banc Denied Sept. 10, 1968.

Myron J. Hack, South Bend, Ind., David W. Mernitz, Indianapolis, Ind., for appellant.

R. Stanley Lawton, F. Boyd Hovde, Indianapolis, Ind., Ice, Miller, Donadio & Ryan, Indianapolis, Ind., of counsel, for appellee.

1. Boden v. Del-Mar Garage, 205 Ind. 59, 185 N.E. 860 (1933); Brown v. Kistleman, 177 Ind. 692, 98 N.E. 631, 40 L.R.A. N.S., 236 (1912); Miller v. Sparks, 136 Ind.App. 148, 189 N.E.2d 720 (1963).

2. Unless she has a right to sue for loss of consortium, plaintiff does not dispute

Before MAJOR, Senior Circuit Judge, and SCHNACKENBERG and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

In this diversity action, plaintiff sued to recover for damages resulting from injuries suffered by her husband, Edward Miskunas, on July 14, 1966. He was in one of defendant's buildings in Kokomo, Indiana, when a Model 20–20 Burton Mixer was being used to blend certain materials, resulting in an explosion that inflicted severe burns on Miskunas. As a result of his injuries, plaintiff was allegedly deprived of her husband's "society, services, companionship and consortium" for which she sought $200,000 in compensatory damages and $1,000,000 in exemplary and punitive damages.

Relying upon three Indiana cases,[1] the District Court held that under Indiana law a wife has no cause of action for loss of her husband's services, companionship or consortium. Therefore, the defendant's motion to dismiss the complaint was granted.[2]

In Boden v. Del-Mar Garage, 205 Ind. 59, 185 N.E. 860, 863 (1933), the Supreme Court of Indiana stated that a husband cannot maintain a negligence action in that State for the loss of consortium unless connected with the loss of his wife's service, for the real basis of recovery is for the loss of her service. Under a 1950 Virginia statute, the Fourth Circuit has held that apart from mental anguish, a negligently injured wife can only recover for the tangible items of damage sustained by her. Carey v. Foster, 345 F.2d 772 (4th Cir. 1965). Both cases recognize that a State may properly deny a spouse a recovery for intangible damages.

the District Court's holding that under Boden v. Del-Mar Garage, supra, note 1, she cannot state a cause of action for "mental anguish" without alleging that she suffered some physical injury. No such allegation is contained in the complaint.

As recently as 1963, the Appellate Court of Indiana adhered to the rule that in that State a wife cannot sue a tort-feasor for loss of her husband's consortium. Miller v. Sparks, supra, note 1. Apparently the last time the question was directly before the Supreme Court of Indiana was in 1952 in Burk v. Anderson, 232 Ind. 77, 109 N.E.2d 407. There it was decided that only the husband can sue for loss of consortial rights. Even though Judge Gilkison favored the rule that the consortium rights of each spouse are coextensive, a majority of the Supreme Court of Indiana refused to agree with his view. Twelve years later, the Indiana Supreme Court cited Miller v. Sparks, Burk v. Anderson and Brown v. Kistleman, supra, note 1, with approval, stating that " 'if the wife is permitted a separate recovery for her loss of consortium resulting from * * * injuries [to her husband], there is, in effect, a double recovery for the same matter'." McDaniel v. McDaniel, 245 Ind. 551, 558, 201 N.E.2d 215, 218 (1964).

Two states in this circuit have adopted the rule that the wife should be permitted to sue for loss of consortium.[3] Although this rule has much to commend it, we are bound by the unbroken line of Indiana authority to the contrary. Seymour v. Union News Co., 217 F. 2d 168, 169 (7th Cir. 1954); Sestito v. Knop, 297 F.2d 33, 34 (7th Cir. 1961). In accordance with the views of some of the Commentators, numerous jurisdictions continue to deny recovery to a wife. See Igneri v. Cie. de Transports Oceaniques, 323 F.2d 257, 260–261 (2d Cir. 1963), certiorari denied, 376 U.S. 949, 84 S.Ct. 965, 11 L.Ed.2d 969. There-

fore, we would not be warranted in speculating that the Indiana Supreme Court will allow a recovery by a wife for loss of consortium resulting from a negligent injury to her husband, when again presented with that question. Cf. Hulburt Oil & Grease Company v. Hulbert Oil & Grease Company, 371 F.2d 251, 254–255 (7th Cir. 1966), certiorari denied, 386 U.S. 1032, 87 S.Ct. 1482, 18 L.Ed.2d 594.

The plaintiff contends that the Indiana rule constitutes a violation of the Equal Protection clause of the Fourteenth Amendment to the Federal Constitution because it denies a wife a cause of action in a situation where a husband has one. This contention was successful in Owen v. Illinois Baking Corp., 260 F.Supp. 820 (W.D.Mich. 1966), and Karczewski v. Baltimore and Ohio Railroad Company, 274 F.Supp. 169 (N.D.Ill.1967), but unsuccessful in Lunow v. Fairchance Lumber Company, No. 66–122 Civil (W.D.Okla.1967), affirmed on other grounds, 389 F.2d 212 (10th Cir. 1968).[4] The Equal Protection clause does not ordinarily prevent a state from making a classification dependent upon one's sex. Gruenwald v. Gardner, 390 F.2d 591 (2nd Cir. 1968). As Justice Frankfurter stated in upholding a Michigan law prohibiting women (with certain exceptions) from bartending:

"The fact that women may now have achieved the virtues that men have long claimed as their prerogatives and now indulge in vices that men have long practiced, does not preclude the States from drawing a sharp line between the sexes, * * *. The Constitution does not require legislatures

---

3. Dini v. Naiditch, 20 Ill.2d 406, 170 N.E.2d 881, 86 A.L.R.2d 1184 (1960), and Moran v. Quality Aluminum Casting Co., 34 Wis. 2d 542, 150 N.W.2d 137 (1967). They followed the landmark decision of Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366 (1950), certiorari denied, 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624.

4. As the District Court pointed out in the Lunow case, "Nor can it be said in

the light of the overall marriage relationship, the basic differences between the spouses and the different rights and responsibilities as between the spouses that invidious discrimination and an unreasonable classification is inherent in allowing the husband to recover for loss of consortium and recognize no such cause of action in the wife." (Memorandum opinion, p. 9.)

to reflect sociological insight, or shifting social standards, any more than it requires them to keep abreast of the latest scientific standards." Goesaert v. Cleary, 335 U.S. 464, 466, 69 S.Ct. 198, 93 L.Ed. 163.

Under the Equal Protection clause, a discriminatory rule of state law "will not be set aside if any state of facts reasonably may be conceived to justify it." McGowan v. State of Maryland, 366 U.S. 420, 426, 81 S.Ct. 1101, 6 L.Ed.2d 393.

Because a husband can recover for lost earnings, Indiana could reasonably conclude that it would be undesirable to give the wife an action that might permit double recovery. Since 87.8% of married men are employed and only 34.-4% of wives are employed,[5] Indiana could justifiably discriminate in this respect between the spouses. Indiana could infer that more often in a wife's suit than a husband's, the jury would award her duplicating damages for some of the same elements of injury. See Restatement of Torts, Section 695, Comment a. Allowing the husband to recover for the lost household services of the wife would not engender double recovery, for the wife cannot recover for those unpaid services. (If employed and injured, she can of course recover for her lost earnings.) As Judge Friendly pointed out in the Igneri case, op. cit. 323 F.2d at p. 264, "it is doubted that the trial court's instructions and its own power, combined with that of the appellate Court * * * to review verdicts for excessiveness would suffice to remove the danger of double recovery." In criticizing the granting of a consortium action to the wife, Chief Justice Schaefer stated as follows in his dissenting opinion in

Dini v. Naiditch, 20 Ill.2d 406, 435, 170 N.E.2d 881 (1960):

"When two overlapping causes of action are made to grow where one has grown before, the possibility of double recovery is real. It cannot be obviated by the method suggested in the majority opinion [deducting from the computation of damages in the wife's consortium action any compensation given her husband in his action for the impairment of his ability to support], because there is no assurance that the wife's action will be tried first, or even that the two actions will be filed in the same court. A requirement of compulsory joinder of the two causes of action would help, but no such requirement exists."[6]

In view of the possibility of double recovery if the wife were given a consortium action, we must conclude that this case involves a permissible classification rather than an impermissible discrimination. Krohn v. Richardson-Merrell, Inc., 406 S.W.2d 166, 168, 169 (Tenn.Sup.Ct.1966), certiorari denied, 386 U.S. 970, 87 S.Ct. 1160, 18 L.Ed.2d 129; Seagraves v. Legg, 147 W.Va. 331, 127 S.E.2d 605, 608 (1962). All federal courts of appeals that have considered the subject have denied consortium rights where that is the *lex loci fori*. Carey v. Foster, 345 F.2d 772 (4th Cir. 1965); Igneri v. Cie. de Transports Oceaniques, 323 F.2d 257 (2d Cir. 1963; state law considered in determining maritime law), certiorari denied, 376 U.S. 949, 84 S.Ct. 965; Criqui v. Blaw-Knox Corporation, 318 F.2d 811 (10th Cir. 1963); Sestito v. Knop, 297 F.2d 33 (7th Cir. 1961); Filice v. United States, 217 F.2d 515 (9th Cir. 1954); O'Neil v. United States, 92 U.S.App.D.C. 96, 202 F.2d 366 (1953);[7] Werthan Bag Corp.

---

5. These are the latest statistics available here and are for March 1964. U.S. Department of Labor, Bureau of Labor Statistics Reprint #2457.

6. On the other hand, the *Hitaffer* and *Karczewski* opinions, supra, express the view that double recovery can be avoided by deducting from the wife's dam-

ages any amount recovered by the husband for loss of earning power. See 183 F.2d at p. 819 and 274 F.Supp. at p. 173.

7. In *O'Neil*, decided just 3 years after its *Hitaffer* case that gave the wife an action for loss of consortium in the District of Columbia, the Court of Appeals fol-

v. Agnew, 202 F.2d 119 (6th Cir. 1953). We decline to depart from this impressive array of modern authority.

██ While we would prefer to accord the wife a consortium cause of action, it is for the Indiana legislature or judiciary to decide whether to recognize this emerging tort. It is unfitting for us to interfere in such a question of State policy under the guise of the Equal Protection clause.

The judgment of the District Court is affirmed.

SCHNACKENBERG, Circuit Judge (dissenting).

Josephine Miskunas, plaintiff, has appealed from a final judgment of the district court dismissing her action for loss of consortium. The action is for damages to her marriage resulting from injuries to her husband which she alleges deprived her of his "society, services, companionship and consortium". The district court held that under Indiana law a wife cannot maintain an action for loss of her husband's society, companionship, affection and conjugal relationship occasioned by personal injuries to her husband. In the district court and on appeal plaintiff has argued that that application of Indiana law, resulting in a dismissal of her complaint, violates the fourteenth amendment to the federal constitution by denying her equal protection of the law, since a husband may pursue such a remedy under Indiana law. Contrary to the view of the majority herein, I would hold that such application of the Indiana law by the district court denies plaintiff the equal protection of the law, in violation of the fourteenth amendment to the federal constitution.

1. Consortium means, *inter alia,* the marital association of husband and wife. Since the wife was considered a chattel of her husband at common law and he entitled to her services, the term con-

notes in addition to the right of companionship, cooperation, affection and aid, the husband's right to a wife's services, *i.e.* her wifely services. However, society since has removed the wife's disabilities existent at common law and now considers the wife a citizen equal with her husband. Indiana has in fact "emancipated" the married woman by enactment of various statutes relating to her property, services, ability to sue and to be sued, etc. (Burns Ind. Stat. ch. 38 §§ 101 to 126).

2. While the majority correctly recognizes some prevailing limitations relating specifically to women, *enacted* by the state, which deal with a woman's economic pursuits, viz., hours and types of employment, see Goesaert v. Cleary, 335 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163 (1948) and Muller v. State of Oregon, 208 U.S. 412, 28 S.Ct. 324, 52 L.Ed. 551 (1908), the Indiana courts remain closed to a woman who seeks damages for a wrong to her, caused by the negligence of a third person which results in injury to her husband. Contrary to the fact in Goesaert v. Cleary, supra, Indiana has *enacted no statute* barring to a wife the remedy sought by plaintiff here. Involved is a court's reclassification *by sex* of a citizen's civil rights to remedy a wrong to her interests—followed by its extinction by *judicial fiat,* repugnant to constitutional principles.

Thus, in Brown v. Kistleman, 177 Ind. 692, 98 N.E. 631, 40 L.R.A.,N.S., 236 (1912), the Indiana Supreme Court adopted the reasoning that, since the husband could not recover for his wife's personal damages and for his loss of consortium at common law, a wife has no cause of action for loss of consortium today. The fallacy, apparent from the opinion and now perpetuated by that court, is that at common law a wife's action for personal damages did not exist. The value of a wife to her husband was exactly her ability to earn money and render services and be helpful to others,

---

lowed Maryland law in denying the wife such an action. This indicates that *Hit-*

*affer* was not based on the Equal Protection clause.

viz., his consortium. Thus we find, at 696–697, 98 N.E. at 633:

"The actions by husbands at common law for expenses and loss of services, in which the loss of consortium has been considered in estimating damages, were all in cases in which no damages could be awarded for loss of the ability to earn money and render services and be helpful to others, in an action by the husband and wife for the wife's personal damages, because at common law all these elements of damage belonged to the husband. * * * There was not an allowance to the wife for her loss of ability to earn wages and render services, and at the same time an allowance to the husband, in the form of compensation for the loss of consortium for the same diminution of ability to be helpful. * * * When the injury is to the person of another, the impairment of ability to work and be helpful and render services of any kind is paid for in full to the person injured."

However, the husband is permitted now to recover for loss of consortium based upon loss of "wifely" services and the wife is permitted to recover for injury to her person for the same tort. Burk v. Anderson, 232 Ind. 77, 109 N.E.2d 407 (1952); Cf. Ohio and Mississippi Ry. Co. v. Cosby, et al., 107 Ind. 32, 7 N.E. 373 (1886); and P. B. Arnold Co. v. Buchanan, 60 Ind.App. 626, 111 N.E. 204 (1916). In spite of this fact, where the husband is negligently injured, the wife is barred from recovery for her loss of consortium. Boden v. Del-Mar Garage, 205 Ind. 59, 185 N.E. 860 (1933). In *Boden*, the Indiana court rejected the wife's argument that the husband had an independent right of action for loss of consortium unconnected with the loss of service. At 863, it stated:

"Upon an exhaustive examination of cases in many jurisdictions we find that, wherever the husband has brought an action for damages on account of injuries to his wife by the negligence of a third party to recover for loss of service, companionship, and society of his wife, the gist of the action, and the real basis of recovery, is for the loss of service, and not the loss of consortium."

Obviously, if an action for loss of consortium may be maintained by a husband by alleging wifely services, a wife is denied equal protection of the law if she is denied the corresponding services due her as a result of coverture. The opinion in Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811, at 819 (1950),[1] holding that a wife has a cause of action for loss of consortium due to a negligent injury to her husband, demonstrates this inequity:

"* * * logic, reason and right are in favor of the position we are now taking. The medieval concepts of the marriage relation to which other jurisdictions have reverted in order to reach the results which have been handed to us as evidence of the law have long since ceased to have any meaning. It can hardly be said that a wife has less of an interest in the marriage relation than does the husband or in these modern times that a husband renders services of such a different character to the family and household that they must be measured by a standard of such uncertainty that the law cannot estimate any loss thereof. The husband owes the same degree of love, affection, felicity, etc., to the wife as she to him."

Relevant comments with respect to Indiana law on this subject were made by Judge Marovitz in the recent case of Karczewski v. Baltimore and Ohio Railroad Co. (D.C.N.D.Ill., 1967), 274 F.

---

1. Hitaffer was overruled by the same court only with respect to its interpretation of the exclusivity of the remedy provided by § 5 of the Longshoremen and Harbor Workers' Act—33 U.S.C. § 905. See Smither and Company, Inc. v. Coles, 100 U.S.App.D.C. 68, 242 F.2d 220 (1957), cert. den. 354 U.S. 914, 77 S.Ct. 1299, 1 L.Ed.2d 1129 (1957). Thus the relevance of *Hitaffer* to the case at bar remains unimpaired.

Supp. 169. At 179–180, the court concluded:

"We believe that the instant classification by sex certainly is unrelated to any of the concerns which could motivate a distinction on that basis. As we have indicated, the intangible segments of the elements comprising the cause of action for loss of consortium are equally precious to both husband and wife. Certainly, no justification is apparent, or is offered, to affirmatively support the classification. We think, therefore, that it discriminates unreasonably and arbitrarily against women, and must be abolished.

"It is not relevant to say that because all wives are similarly situated all are equally protected. For that is to ill-define the relevant classification. In these circumstances, all married people, husband *and* wives, must comprise the class to be protected. That is because each has an equal interest in the elements of the marital relationship which are protected by the action for loss of consortium. To deny it to wives is a classification without reason, is arbitrary, and is consequently a violation of the Equal Protection Clause of the Fourteenth Amendment."

See also to the same effect, Owen v. Illinois Baking Corp. (W.D.Mich.1966), 260 F.Supp. 820, similarly involving the Indiana law with respect to a wife's loss of consortium. To the same effect is the recent decision of the New York Court of Appeals in Millington v. Southeastern Elevator Company et al., 22 N.Y.2d 498, 293 N.Y.S.2d 305, 239 N.E.2d 897, where Judge Keating said:

"* * * the mental and emotional anguish caused by seeing a healthy, loving companionable mate turned into a shell of a person is real enough. * * * The loss of companionship, emotional support, love, felicity and sexual relations are real injuries. The trauma of having to care for a perma-nent invalid is known to have caused mental illness. There may not be a deterioration in the marital relationship, but it will certainly alter it in a tragic way. * * *"

The acceptance of this view is further indicated by the April 2, 1968 decision of the Court of Appeals of Franklin County, Ohio, Leffler v. Wiley,[2] disposing of the appeal of Mrs. Leffler who had joined with her husband in a suit for damages. The trial court held that, although a husband can recover for the loss of his wife's services and consortium, yet a wife cannot recover for the loss of her husband's loss of services and consortium. On appeal she contended that this action deprived her of equal protection of the laws.

In the *Leffler* opinion, it was said:

"* * * However, regardless of whether it be incidental or independent, the common law of Ohio does recognize loss of consortium as an item of damages recoverable by a husband.

"If a statute were to affirmatively create such a right in a husband and yet deny it to a wife, such a classification based on sex alone would violate * * * the Fourteenth Amendment to the Constitution of the United States. The common-law distinction between husband and wife in regard to consortium is equally based upon an unreasonable, discredited concept of the subservience of the wife to her husband. *The courts should not perpetuate in the common law a discrimination that could not constitutionally be created by statute.* [Italics supplied.]

"In our opinion, loss of consortium is an item of damage to a wife exactly to the same extent as to the husband. We hold that her legal rights to recover are equal to those of her husband. The demurrer should have been overruled.

2. 15 Ohio App.2d 67, 239 N.E.2d 235.

· "The judgment of the Common Pleas Court will be reversed and the cause remanded for further proceedings."

In view of Indiana's patent discrimination, it was error for the district court in the case at bar to dismiss plaintiff's complaint. I can find no justification in reason or law for this unjust result. Accordingly, I would reverse the judgment of the district court, and grant plaintiff a trial upon the merits of her complaint.