**MARK PASCAL and DIANE PASCAL, Plaintiffs**

**v.**

**CHARLEY'S TRUCKING SERVICE, INC., and WEST INDIAN CO., LTD., Defendants**

Civil No. 76/707

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 8, 1977

———

CHARLOTTE L. POOLE, ESQ., St. Thomas, V.I., *for plaintiff*

JOEL W. MARSH, ESQ., St. Thomas, V.I., *for West Indian Co., Ltd.*

JEAN–ROBERT ALFRED, ESQ., Christiansted, St. Croix, V.I., *for Charley's Trucking Service, Inc.*

CHRISTIAN, *Chief Judge*

### MEMORANDUM

In this action for personal injuries brought by her husband against the defendants, plaintiff Diane Pascal has undertaken to state a claim against the said defendants, seeking damages for loss of her husband's consortium. Defendants resist her claim on the ground that at common law a wife had no such right of action, but the husband only; that the Restatement of Torts so provides; and that since, pursuant to Title 1, V.I.C. § 4 "[t]he rules of common law, as expressed in the Restatements of the law approved by the American Law Institute", are "the rules of decision in the court of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary", and there being no local law to the contrary, plaintiff's claim is barred.

The question here raised is one that has surfaced to plague this court on a considerable number of occasions. Each time this Court, in my person, has ruled in accordance with the dictates of the Restatement of Torts and denied recovery to the wife. As recently as November 15, 1976, this Court announced such a decision from the bench in Donastorg v. Adkins, et al., docketed at Civil No. 75/122, the Court having dictated its reasons for so holding into the

record. Indeed, in this very case, the Court had decided this issue against plaintiff, but was preparing a memorandum ruling on another matter before the Court in this cause when our decision in Benjamin v. Cleburne Trucking and Body Sales, 13 V.I. 545 (D.C.V.I. 1976) Civil No. 75/720, was handed down. In light of the holding in the latter case a closer look and some explication of my position is seasonable.

As vigorously as any other person, judge, legal text writer or commentator, this Court joins in the universal condemnation of the result which it has reached on numerous occasions when the issue here pending was before the Court. Unquestionably, the basic reason underlying the denial of recovery to a wife is largely historical and in no way grounded in present day reality. It has always been the thought of this Court, that by virtue of Title 1, V.I.C. § 4, this jurisdiction finds itself in a very distinctive position in that the rules expressed in the Restatements of Law have been made a part of our statutory law. Thus, for us, I do not consider actions for loss of consortium to be judicially created and thus as readily susceptible of judicial abolishment. In other jurisprudential spheres, not laboring under our disability, I see no barrier to a court, by judicial fiat, extending to an aggrieved wife the remedy of a suit for loss of consortium identical to that accorded a similarly dolorous husband, for the mutuality of the matrimonial relationship is such that in the same way a husband suffers loss and deprivation when his wife is tortiously injured, so does the wife likewise undergo loss and deprivation when her husband is tortiously anguished. Many courts have argued that if the new tort action here sought by Diane Pascal is to be fashioned, it must be done by the legislature. Our codification of the rules of common law gives added force to that argument.

That § 4 of Title 1 imposes statutory strictures, I think is settled beyond doubt. Attesting to this are such cases, to

name a few, as Masonry Products, Inc. v. Tees, 6 V.I. 108 (D.C.V.I. 1968), holding that under 1 V.I.C. § 4, the common law as expressed in the Restatements "must be regarded as the rule in this territory in the absence of local law to the contrary", in a case in which the parameters of the common law concept of tenancy by the entirety were delineated. See also, Bowman v. Canton, 7 V.I. 60 (D.C.V.I. 1968) and, to the same effect to determine whether a cause of action was supportable, Bertolet v. Burke, 7 V.I. 114 (D.C.V.I. 1969). On the appellate level, one has only to cite Skeoch v. Ottley, et al., 6 V.I. 241 (3d Cir. 1967) where the circuit court made clear that, absent local law to the contrary, Virgin Islands law incorporates the principles enunciated in the Restatements of Law as approved by the American Law Institute. See also Pacheco, et al. v. United States, 7 V.I. 213 (3d Cir. 1969) and probably more on point, Paiewonsky v. Paiewonsky, 8 V.I. 421 (3d Cir. 1971) where the court in determining whether interspousal immunity from suit still obtained in the Virgin Islands, said, speaking in the person of Chief Judge Seitz,

despite opinions expressed in some jurisdictions, we think that the issue is, upon the facts of this case, still susceptible to serious debate. We therefore conclude that at least at this time resolution of the question is more appropriate for legislative treatment. Since the legislature has been silent thereon, we are governed by Title 1, V.I.C. § 4 . . . Hence we do not accept plaintiff's view that we should judicially abrogate the doctrine in the factual setting alleged in her complaint.

Ever since Hitaffer v. Argonne Co., 183 F.2d 811 (D.C. Cir. 1950) was decided, more and more of the several states have been falling in line behind Hitaffer and allowing the wife to maintain an action for loss of consortium. Indeed, at this time it is safe to say that at least some 30 American jurisdictions now permit a wife to recover either by judicial decision or by statute. My reluctance to make a

decisive stride is, and has always been, what I consider to be our special circumstance.

I feel as lacking in authority to accord the wife a suit for loss of consortium as I am to take away from the husband his unquestionably established right to that balm. Candor compels me to say that if I considered myself free to move in either direction, I would have long since declared a "plague on both their houses" and denied the right of action to husband as well as wife, thus putting an end to, at least for me, this anachronistic "fossil from an earlier era", a present day anomaly probably based originally on feudal concepts and the wife's ancient position of servitude. The law would be well-off without any vestige of this outmoded, and in this day and age, baseless element of damage, one for which compensation is fairly readily available on other theories.

In ruling against the wife in Donastorg, supra, I considered the constitutional argument, i.e., to deny the right of action to the wife while permitting it to the husband violates the equal protection clause to the Fourteenth Amendment. I did not, at that time, conclude that equal protection of the laws was denied the wife nor am I now really so minded. Admittedly, other district courts have so found but there is as much respectable authority to the contrary also. See Krohn v. Richardson-Merrill, Inc., 406 S.W.2d 166 (Tenn. 1966); cert. den. 386 U.S. 970 (1967); Lunow v. Fairchance Lumber Co., 389 F.2d 212 (10 Cir. 1968); cert. den. 392 U.S. 908 (1968); and see also Miskunas v. Union Carbide Corp., 399 F.2d 847 (7th Cir. 1968); cert. den. 393 U.S. 1066 (1969).

The forces rallying under the aegis of the equal protection clause hailed Levy v. Louisiana, 391 U.S. (1968) as the harbinger of good tidings for that banner. In Levy, the Supreme Court, in what some critics considered an expansive mood, decreed it a violation of the equal

protection clause to deny an action for a wrongful death of a parent to an illegitimate child while giving the right of action to legitimate children. Indeed the High Court, knowledgeable writers have said, has in the recent past showed scant timidity in pouring "new wine" into the old equal protection "wineskin". Those analysts cite as an example of the court's expansile bent, Reynolds v. Sims, 377 U.S. 533 (1964). The anticipated breakthrough has not materialized, however, and Levy is now nine years old.[1] Significantly, and despite Levy, the Supreme Court passed up an opportunity to embrace the equal protection emblem in denying certiorari in Miskunas, supra, an invitation extended a year after Levy had been decided. Given the cool reception the Supreme Court has accorded the equal protection argument, I have, in the past, hesitated to adopt it. Our decision in Benjamin, et al. v. Cleburne Trucking and Body Sales, Inc., supra, notwithstanding, my persuasion on this matter remains the same. However, the prospect of our court limping along on two contrary opinions, is one that I could not countenance, far less relish.

Accordingly, I shall, in this case, deny the motion to dismiss the cause of action pleaded by plaintiff Diane Pascal in this law suit. In an effort to obtain a more definitive voice on the subject, however, I will certify the question for appeal to the United States Court of Appeals for the Third Circuit, pursuant to the provision of 28 U.S.C. § 1292(b) as a controlling question of law to which there is substantial ground for difference of opinion, and the resolution of which may materially advance the ultimate termination of this (and several other pending) litigation. Until such time as the court of appeals takes jurisdiction, entertains and decides the appeal or declines to

---

[1] And the intervening plurality opinion in Frontiera v. Richardson, 411 U.S. 677, 682 (1973) has not advanced the cause one whit.

permit the appeal, all further proceedings in this cause will be stayed.