Oskar GRUENWALD, Appellant,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.

No. 309, Docket 31798.

United States Court of Appeals Second Circuit.

Argued Jan. 26, 1968.

Decided March 6, 1968.

Julius C. Biervliet, New York City (Edward Q. Carr, Jr., New York City, on the brief), for appellant.

Howard L. Stevens, Asst. U. S. Atty., Eastern Dist. of New York (Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, on the brief), for appellee.

Before MEDINA, MOORE and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

After receiving notice of the old age assistance benefits awarded him in the amount of $80.50, pursuant to the provisions of the Social Security Act, the plaintiff requested reconsideration on the ground that Congress had established different and discriminatory criteria for the computation of benefits for men and women at age 62 as a result of the application of 42 U.S.C. § 415(b) (3). Because the plaintiff, a male, elected, as he was entitled to do, to have his benefit payments commence 36 months prior to his attaining his 65th birthday, his primary insurance of $100.60 was reduced by 20%. A female, with a history of equal earnings, retiring at age 62 would have had a primary insurance amount of $115.60 and would have been entitled to monthly payments of $92.50. The years of an individual's highest earnings are used in computing the "average monthly wage," § 415(b) (2) (B), which determines the primary insurance amount under § 415. The statute provides for the

computation of a female wage earner's average monthly wage on the basis of three years less than that used in the computation for a male. § 415(b) (3) (A) and (C). This eliminates years of lower earnings and increases the average monthly wage and the primary insurance amount for the female.

The Appeals Council confirmed the computation of plaintiff's benefits and refused to apply the measure applicable to women under the same circumstances. The plaintiff then commenced this action pursuant to 42 U.S.C. § 405(g) to have the determination of the Hearing Examiner and Appeals Council reviewed and the 1961 Amendment to the Social Security Act, § 415(b) (2) (A)–(3) (A, C), declared unconstitutional. The District Court granted the defendant's motion for summary judgment from which the plaintiff has appealed.

■ The appellant concedes that women, as a class, earn less than men, that their economic opportunities in higher age groups are less,[1] and that higher benefits will operate as an inducement for their earlier retirement, but disputes "the unequal treatment of two individuals solely because of sex" and argues that a "classification must rest upon a difference which is real * * *." Quaker City Cab Co. v. Com. of Pennsylvania, 277 U.S. 389, 406, 48 S.Ct. 553, 556, 72 L.Ed. 927 (1928) (dissenting opinion). Yet the "two sexes are not fungible," Ballard v. United States, 329 U.S. 187, 193, 67 S.Ct. 261 (1946), and special recognition and favored treatment can constitutionally be afforded women. See Hoyt v. Florida, 368 U.S. 57, 91 L.Ed. 181 (1961); Muller v. Oregon, 208 U.S. 412, 28 S.Ct. 324, 52 L.Ed. 551 (1908). It is only the "invidious discrimination" or the classification which is "patently arbitrary [and] utterly lacking in rational

justification" which is barred by either the "due process" or "equal protection" clauses. Flemming v. Nestor, 363 U.S. 603, 611, 80 S.Ct. 1367, 1373, 4 L.Ed.2d 1435 (1960); Williamson v. Lee Optical Co., 348 U.S. 483, 489, 75 S.Ct. 461, 99 L.Ed. 563 (1955). A classification or regulation, on the other hand, "which is reasonable in relation to its subject and is adopted in the interests of the community is due process." West Coast Hotel Co. v. Parrish, 300 U.S. 379, 391, 57 S.Ct. 578, 582, 81 L.Ed. 703 (1937). See Louisville Gas & Elec. Co. v. Coleman, 277 U.S. 32, 37, 48 S.Ct. 423, 72 L.Ed. 770 (1928); Taylor v. Brown, 137 F.2d 654, 660 (Emerg.Ct.App.), cert. denied, 320 U.S. 787, 64 S.Ct. 194, 88 L.Ed. 473 (1943).

■ There is here a reasonable relationship between the objective sought by the classification, which is to reduce the disparity between the economic and physical capabilities of a man and a woman—and the means used to achieve that objective in affording to women more favorable benefit computations. There is, moreover, nothing arbitrary or unreasonable about the application of the principle underlying the statutory differences in the computations for men and women. Notwithstanding the favorable treatment granted to women in computing their benefits, the average monthly payments to men retiring at age 62 still exceeds those awarded women retiring at that age. Social Security Bulletin, Annual Statistical Supplement 1965, U. S. Dept. of Health, Educa. and Welfare, at 47, 56, 64, 69. Social Security Bulletin, Annual Statistical Supplement 1963, supra at 47.

■ The appellant's case was well and forcefully presented but the trend of authority makes it clear that the variation in amounts of retirement benefits based

1. In 1965 there were over two and one-half times as many male workers age 60–64 as there were females age 60–64, Social Security Bulletin, Annual Statistical Supplement 1965, U. S. Dept. of Health, Educa. and Welfare, at 34–35; the median earnings of the male workers was nearly twice that of the females. Id. at 36–37. In 1959, 1960, and 1961, median earnings for male workers with taxable incomes was also approximately twice the median earnings of females. Ibid.

upon differences in the attributes of men and women is constitutionally valid. The appellant does not press his argument that the section in question is violative of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1964), 78 Stat. 253 (1964), but we find that that contention is also without merit.

The judgment of the District Court is affirmed.