William **LEIGHTON**, Plaintiff,

v.

Norman **GOODMAN**, individually, and as Clerk of New York County, et al., Defendant.

No. 69 Civ. 4868.

United States District Court, S. D. New York.

March 24, 1970.

William Leighton, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for defendant; Daniel Cohen and A. Seth Greenwald, Asst. Attys. Gen., of counsel.

MANSFIELD, District Judge.

In this action against the Clerk of New York County attacking New York's jury selection system and, more specifically, a statutory provision (N.Y. Judiciary Law, McKinney's Consol.Laws, c. 30, § 599(7)) authorizing exemption of women from jury service as violative of plaintiff's constitutional rights, defendant moves to dismiss pursuant to Rule 12(b) (1) and (6). For the reasons stated below the motion is granted.

Upon receiving a notice from the New York County Clerk on March 24, 1969, to report for jury service, plaintiff filed an "Application for Relief from Service as a Juror" in Special Term, Part I, of that court, seeking to be relieved on the ground that since § 599(7) permits women to claim exemption from jury service, it deprives plaintiff of equal protection of the laws as guaranteed by the Fourteenth Amendment. On March 25, 1969, the application was denied by the court, and on May 13, 1969, plaintiff served a notice of appeal to the Appellate Division, First Department, appealing from the denial and from a later decision of that court dismissing his proceeding, which appeal is still pending.

Invoking this court's jurisdiction pursuant to 28 U.S.C. §§ 1331(a) and 1343, plaintiff here claims the same New York statute and the actions of defendant thereunder violate his civil rights by depriving him of his constitutional right to equal protection of the laws as guaranteed by the Fourteenth Amendment, since plaintiff is denied an exemption from jury service solely because he is a man and not a woman. By way of relief he seeks $10,000 damages, a judgment declaring § 599(7) unconstitutional, an order directing defendant to exempt him from jury service, and an injunction restraining defendant from enforcing the summons calling him to jury service.

At the outset we have serious question as to whether plaintiff's action reveals sufficient danger of injury or harm to him to give him standing to attack the constitutionality of § 599(7). See Gruenwald v. Gardner, 390 F.2d 591 (2d Cir.), cert. denied, 393 U.S. 982, 89 S.Ct. 456, 21 L.Ed.2d 445 (1968). There is no indication that even if women were not entitled to the statutory exemption plaintiff would not be required to serve. The most that can be said (although it is not asserted by plaintiff) is that if women were obligated to serve without exemption, fewer male jurors might be needed and plaintiff might then be among those not called, which at best presents an extremely thin basis for giving him the right to attack § 599(7).

Additionally, insofar as plaintiff seeks damages, it is readily apparent from the face of his complaint that any harm caused by the alleged discrimination cannot be reduced to a pecuniary standard of value, see Rosado v. Wyman, 414 F.2d 170, 176–177 (2d Cir.), cert. granted, 396 U.S. 815, 90 S.Ct. 106, 24 L.Ed.2d 68 (1969). Furthermore, even if we assume that he could recover money damages, his complaint asserts that his earnings as a security analyst are in excess of $10,000 per year. Since jurors in New York County normally "serve for a period not exceeding two weeks" (Rule 11, Jury System, City of New York), it is apparent that his claim of damages in excess of $10,000 is not made in good faith. He therefore fails to meet the jur-

isdictional requirements of 28 U.S.C. § 1331(a).

Regardless of plaintiff's probable lack of standing, however, his suit fails for more substantial reasons. The same issue has already been adjudicated adversely to plaintiff in his suit against the same defendant in New York County, and is presently the subject of an appeal. Having received an unfavorable decision on the merits in the New York State courts, he now seeks to relitigate the issue here against the same party. This procedure, which is barred by *res judicata*, is not permitted. His proper remedy is to pursue his appeal before the Appellate Division, First Department.

Turning to the heart of plaintiff's claim, which is his contention that § 599(7) unconstitutionally discriminates against men in favor of women, we recognize that during the past century women's rights have steadily increased to a point where, in most respects, they enjoy the same legal status as male members of our essentially industrial society. Much of this drive toward women's emancipation has resulted from feminists' organized efforts. The time may very well be ripe for amendment of § 599(7) to remove the exemption of which plaintiff complains. But the constitutionality of that statute does not turn on whether the state legislature would be well advised to amend it, or even upon the existence of some discrimination. It turns upon whether the classification based upon sex constitutes such an invidious discrimination that it is patently arbitrary and utterly lacking in any rational justification. If any reasonable basis exists for the alleged statutory discrimination, it must be upheld. McGowan v. Maryland, 366 U.S. 420, 426, 81 S.Ct. 1101, 6 L.Ed. 2d 393 (1960); Flemming v. Nestor, 363 U.S. 603, 611, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960); Williamson v. Lee Optical, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955). We do not "sit as a superlegislature * * *." Salsburg v. Maryland, 346 U.S. 545, 550, 74 S.Ct. 280, 98 L.Ed. 281 (1953).

Viewing the complaint according to these standards, we are confronted with the fact that the Supreme Court has long since recognized that women may constitutionally be accorded favored treatment in the very respect under attack.

"We cannot say that it is constitutionally impermissible for a State, acting in pursuit of general welfare, to conclude that a woman should be relieved from the civic duty of jury service unless she herself determines that such service is consistent with her own special responsibilities." (Hoyt v. Florida, 368 U.S. 57, 62, 82 S.Ct. 159, 162–163, 7 L.Ed.2d 118 (1961))

More recently the Second Circuit Court of Appeals has recognized the constitutionality of the statute here under consideration in United States v. Caci, 401 F.2d 664, 671 (2d Cir. 1968), cert. denied, 394 U.S. 917, 89 S.Ct. 1180, 22 L.Ed.2d 450 (1969), where it stated:

"We note also that the constitutionality of the New York statute permitting women to claim exemption has been sustained. Fay v. People of State of New York, 332 U.S. 261, 277–278, 67 S.Ct. 1613, 91 L.Ed. 2043 (1947). See also Hoyt v. State of Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1961)."

We can take judicial notice of the fact that sound and reasonable bases exist for permitting women, as distinguished from men, to be excused from jury service. Granted that some women pursue business careers, the great majority constitute the heart of the home, where they are busily engaged in the 24-hour day task of producing and rearing children, providing a home for the entire family, and performing the daily household work, all of which demands their full energies. Although some women now question this arrangement, the state legislature has permitted the exemption in order not to risk disruption of this basic family unit. Its action was far from arbitrary.

Since the complaint is patently insufficient as a matter of law, it is dismissed.

It is so ordered.