(No. 43301.—

HOLIDAY INNS OF AMERICA, Appellant, *vs.* INDUSTRIAL COMMISSION *et al.*—(PAUL R. Ross, Appellee.)

*Opinion filed May 27, 1971.*

FREDERICK P. PEFFERLE, of Springfield, for appellant.

GARY L. HINMAN, of Lincoln, for appellee.

Mr. JUSTICE WARD delivered the opinion of the court:

On July 22, 1967, Ruth E. Ross, while in the course of employment, was fatally shot during a robbery at the motel of her employer, the appellant. Paul Ross, her husband, filed an application for adjustment of claim for her death with the Industrial Commission. After a hearing, the arbitrator directed that $750 to cover burial expenses be paid to the claimant under section 7(f) of the Workmen's Compensation Act (Ill. Rev. Stat. 1967, ch. 48, par. 138.7(f)), but he denied the death claim because the claimant had failed to prove he had been totally dependent on his wife's earn-

ings as 7b of the Act requires. (Ill. Rev. Stat. 1967, ch. 48, par. 138.7b.) On review the Industrial Commission affirmed the action of the arbitrator. On *certiorari* the circuit court of Logan County, while it did find that the findings of the arbitrator and Commission that the claimant had not been totally dependent on his late wife's earnings were amply supported by the evidence, held that the classification of a "husband" under section 7(b) of the Workmen's Compensation Act was unconstitutional and directed that the claimant receive an award under 7(a) of the Act as if he were a widow. (Ill. Rev. Stat. 1967, ch. 48, par. 138.7(a).) Pursuant to the remanding order, the Industrial Commission entered an award as provided in section 7(a) and on *certiorari* the circuit court confirmed this award. The employer has appealed to this court from the circuit court's judgment.

It is proper for us to consider the circuit court's order of remandment as well as its order confirming the Commission's award under section 7(a). See *Wellman-Lord, Inc.* v. *Industrial Com., post,* p. 533; and *Downey* v. *Industrial Com.,* 44 Ill.2d 28.

The employer contends here that the circuit court erred in holding that the Workmen's Compensation Act creates a classification which unreasonably discriminates according to sex when it provides compensation, without regard to dependency, for a widow whose husband has been killed when he was under the protection of the Act (and where he was under a legal duty to support her at the time of the accident) but allows a widower to recover for the death of his wife under similar circumstances only if he had been totally dependent on the deceased wife for support. The circuit court erred, also, it is argued, when it directed the Industrial Commission to award compensation to the claimant, who was a husband not totally dependent on the earnings of his wife, as if he were a widow.

Recently, in *Duley* v. *Caterpillar Tractor Co.,* 44 Ill.2d

15, this court considered whether the provisions of sections 7(a) and 7(b) of the Workmen's Compensation Act, which differentiate between a widow and a widower, result in unreasonable discrimination according to sex. It was said at pages 19-20: "Section 7 of the Act provides compensation for all widows whose husbands were killed while covered by the Act. However, a widower can recover for the death of his wife under similar circumstances only if he was totally dependent upon her for support. It is plaintiff's contention that such classification unreasonably discriminates according to one's sex. 'A classification will suffice as a basis for legislation if such classification is based on a rational difference of situation or condition found to exist in the persons or objects upon which the classification rests.' (*Gaca* v. *City of Chicago*, 411 Ill. 146, 149.) *Gruenwald* v. *Gardner*, (2d cir. 1968), 390 F.2d 591, upheld classifications based upon the disparate earning power of men and women and found that the classification was consistent with the 14th amendment requirements. 'The Equal Protection Clause does not ordinarily prevent a state from making classification dependent upon one's sex.' (*Miskunas* v. *Union Carbide Corp.* (7th cir.) 399 F.2d 847.) It is not unreasonable to compensate according to one's sex, and we find it conforms most realistically to the economic situation present in our society today." Also, in *Williams* v. *McNair* (D-South Carolina, 1970), 316 F. Supp. 134 at 136, the court observed where admissions to a college were limited to girls: "It is only when the discriminatory treatment and varying standards, as created by the legislative or administrative classification are arbitrary and wanting in any rational justification that they offend the Equal Protection Clause. Specifically, a legislative classification based on sex, has often been held to be constitutionally permissible. See *West Coast Hotel Co.* v. *Parrish* (1937), 300 U.S. 379, 394-395, 57 S. Ct. 578, 81 L. Ed. 703, 108 A.L.R. 1330 (statute providing minimum wages for women but not men); *Radice* v. *New York*

(1924), 264 U.S. 292, 296-298, 44 S. Ct. 325, 68 L. Ed. 690 (special statute limiting hours of night work of women in cities with a particular population); *Goesaert* v. *Cleary* (1948), 335 U.S. 464, 69 S. Ct. 198, 93 L. Ed. 163 (proscribing use of women as licensed bartenders); *Hoyt* v. *Florida* (1961), 368 U.S. 57, 82 S. Ct. 159, 7 L. Ed. 2d 118 (jury duty voluntary for women but compulsory for men); *Miskunas* v. *Union Carbide Corporation* (7th cir. 1968), 399 F.2d 847, 850 *cert.* denied 393 U.S. 1066, 89 S. Ct. 718, 21 L. Ed. 2d 709) (denial to wife, but not to husband, of right to recover for loss of consortium); *Gruenwald* v. *Gardner* (2nd cir. 1968), 390 F.2d 591, *cert.* denied 393 U.S. 982, 89 S. Ct. 456, 21 L. Ed. 2d 445 (women given more favorable treatment in social security benefits than men); *United States* v. *St. Clair* (D.C.N.Y. 1968), 291 F. Supp. 122 (men subject, women not, under Selective Service Act); *Clarke* v. *Redeker* (D.C. Iowa 1966), 259 F. Supp. 117 (fixing wife's residence by husband's but not the reverse); *Heaton* v. *Bristol* (Tex. Civ. App. 1958), 317 S.W.2d 86 *cert.* denied 359 U.S. 230, 79 S. Ct. 802, 3 L. Ed. 2d 765, and *Allred* v. *Heaton* (Tex. Civ. App. 1960), 336 S.W.2d 251, *cert.* denied 364 U.S. 517, 81 S. Ct. 293, 5 L. Ed. 2d 265 (both involving denial of right of women to attend an all-male state-supported college." See also *Leighton* v. *Goodman* (S.D. New York, 1970), 311 F. Supp. 1181; and generally Note "Sex Discrimination and Equal Protection", 84 Harv. L. Rev. 1499.

The claimant in opposing the respondent's claim of error by the circuit court broadly challenges the scheme of recovery provided in section 7 of the Act for the death of an employee in a work connected injury. Section 7 provides for an award: "(a) If the employee leaves any widow, child or children whom he was under legal obligation to support at the time of his accident  *  *  *  (b) If no amount is payable under paragraph (a) and the employee leaves any parent, husband, child or children, who at the time of acci-

dent were totally dependent upon the earnings of the employee * * * (c) If no amount is payable under paragraphs (a) or (b) of this Section, and the employee leaves any parent or parents, child or children, who at the time of accident were partially dependent upon the earnings of the employee * * * (d) If no amount is payable under paragraphs (a), (b), or (c) of this Section and the employee leaves any grandparent, grandchild or grandchildren or collateral heirs dependent at the time of the accident to the employee upon his earnings to the extent of 50% or more of total dependency." The claimant says that to single out and require a widower to prove total dependency under 7(b), to recover an award and to allow others who are not as closely related to the deceased to recover on a showing of partial dependency under 7(c) and (d) is arbitrary and unreasonable. Thus, it is argued, the classification as is provided by subsections (c) and (d) of section 7 is unconstitutional.

However, the legislature has authority to make broad classifications and, as was declared in *Bagdonas* v. *Liberty Land and Investment Co.*, 309 Ill. 103 at 109: "The legislature is not required to be scientific, logical or consistent in its classifications. In order to authorize a judicial review of such classifications it must clearly appear that there is no fair reason for the law that would not require with equal force its extension to others not included. The legislature may determine upon what differences a distinction may be made for the purpose of statutory classification, between provisions otherwise having resemblance, if such power is not arbitrarily exercised and the distinction has a reasonable basis. (*Stewart* v. *Brady*, 300 Ill. 425; *International Harvester Co.* v. *Missouri*, 234 U.S. 199.) The burden rests upon one attacking the classification in a law to show that it does not rest upon a reasonable basis but that it is arbitrary. A distinction in legislation is not arbitrary if any state of facts can reasonably be conceived that would sus-

tain it, and the existence of such a state of facts at the time the law was enacted must be assumed. [Citations]."

We do not know the specific reasons which caused the legislature to allow persons described in sections (c) and (d) to recover on a showing of partial disability, but we cannot say, particularly when we consider the comprehensive social character and purposes of the Workmen's Compensation Act, that "there is no fair reason for the law that would not require with equal force its extension to others not included." *Bagdonas* 309 Ill. at 110. *Cf. Romero* v. *Hodgson* (N.D. Calif., 1970), 319 F. Supp. 1201. The complaint of the claimant is not without force and arguably the legislature ought to have allowed husbands to recover on a showing of less than total dependency. However, we are not persuaded that it is for the courts to say that the omission rendered the legislative schedule unconstitutional. In designing the Act the legislature was not required, at the risk of constitutional condemnation, to have provided for all eligible conditions or for none.

Accordingly, the Commission's award of compensation on remand under the circumstances was error. The judgment of the circuit court of Logan County which affirmed that award is reversed and the cause is remanded to the circuit court with directions to enter judgment in accordance with the original decision of the Industrial Commission.

*Reversed and remanded, with directions.*