No. 74–1181. MAZER ET AL. *v.* WEINBERGER, SECRETARY OF HEALTH, EDUCATION, AND WELFARE, ET AL.; and

No. 74–5538. KOHR *v.* WEINBERGER, SECRETARY OF HEALTH, EDUCATION, AND WELFARE, ET AL. Appeals from D. C. E. D. Pa. Motion of appellant in No. 74–5538 for leave to proceed *in forma pauperis* granted. Judgments vacated and cases remanded to the United

---

*MR. JUSTICE DOUGLAS took no part in the consideration or decision of cases in which orders hereinafter reported were announced on this date.

States District Court for the Eastern District of Pennsylvania to consider its jurisdiction in light of *Weinberger* v. *Salfi, ante,* p. 749. Reported below: No. 74-1181, 385 F. Supp. 1321; No. 74-5538, 378 F. Supp. 1299.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE MARSHALL joins, dissenting.

The Court remands these cases for consideration in light of *Weinberger* v. *Salfi, ante,* p. 749, of the question whether there was jurisdiction in the District Court. It appears from the papers before us that the record in these cases concerning exhaustion of administrative remedies under 42 U. S. C. § 405 (g) is precisely the same as the record in *Salfi, supra.* In all three cases, the plaintiffs did not exhaust fully on the constitutional question because they believed exhaustion to be futile; and in all three cases, the Secretary objected in the District Court that there was no jurisdiction because exhaustion was not completed through a hearing. See *Salfi, ante,* p. 786 (BRENNAN, J., dissenting). I believe that if § 405 (g) is, as the Court holds in *Salfi,* to be the exclusive jurisdictional basis for constitutional attacks upon Title II of the Social Security Act, then we should not require exhaustion past the point of futility, even if the Secretary so desires. See *Salfi, ante,* at 793–794 (BRENNAN, J., dissenting). But even on the Court's holding in *Salfi,* which leaves the determination of futility to the Secretary, I think we are at least obliged to be consistent in our treatment of cases decided upon identical records. Since the Court found in *Salfi* that the Secretary had determined exhaustion to be adequate, consistency certainly requires that the Court make the same determination, albeit fictitious, in these cases. This would eliminate any jurisdictional question, and reaching the merits, I would affirm in both cases.