Will **WEBSTER**, Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

No. 75 C 377.

United States District Court,
E. D. New York.

May 3, 1976.

**128**

Will Webster, pro se.

David G. Trager, U. S. Atty. by David W. McMorrow, Asst. U. S. Atty., for defendant.

## OPINION AND ORDER

PLATT, District Judge.

Defendant moves pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings on the ground that plaintiff has failed to state a claim upon which relief can be granted.

In this action plaintiff seeks to review the final decision of the defendant on the question of the amount of retirement insurance benefits payable to him under Title II of the Social Security Act (42 U.S.C. § 401 et seq.). He brings this suit pursuant to Section 205(g) of such Act, as amended (42 U.S.C. § 405(g)).

Plaintiff was born on January 19, 1909, and two days after he attained 65, on January 21, 1974, he applied for social security benefits and was awarded $185.70 per month. This award was based on an eighteen year (216 months) social security earnings record.

Plaintiff claims that all single women born on the same date with the same earnings record applying for benefits at the same time would have been awarded $204 per month based on a fifteen year (180 months) social security earnings record.

Plaintiff claims further that Congress recognized this inequality or "sex discrimination" by changing the law in 1972 to conform the benefit computation formula for men to the one used for women at the time of retirement but (i) did not make such change retroactive so as to benefit him and other males similarly situated and (ii) thereby further discriminated against him and such other persons.

■ In 1974 plaintiff, being dissatisfied with the determination of the amount of his monthly benefits, requested reconsideration which resulted in an affirmance of the original decision. Plaintiff then sought and obtained a hearing before an Administrative Law Judge who held that an administrative law proceeding was "not a suitable or proper forum for adjudication of constitutional claims" and that his proper forum was "the United States District Court." [1] The Appeals Council of the defendant denied review of this decision on January 28, 1975, and the same became final on that date.

The defendant here says that this question has been decided by the Court of Appeals for this Circuit in *Gruenwald v. Gardner*, 390 F.2d 591 (2d Cir.), *cert. denied*, 393 U.S. 982, 89 S.Ct. 456, 21 L.Ed.2d 445 (1968), which held that there was "a reasonable relationship between the objective sought by the classification, which is to reduce the disparity between the economic and physical capabilities of a man and a woman—and the means used to achieve that objective in affording to women more favorable benefit computations", and that there was "nothing arbitrary or unreasonable about the application of the principle underlying the statutory differences in the computations for men and women," 390 F.2d at p. 592.

In reaching such decision, however, the Court of Appeals was not confronted by

---

1. Plaintiff's complaint is a constitutional attack on a federal statutory provision, and at first blush it might appear that a three-judge court should be convened pursuant to 28 U.S.C. § 2282 to consider his claims. But the Supreme Court has indicated that suits brought pursuant to 42 U.S.C. § 405(g) are not suits for general injunctive relief, and that single judges should hear such suits, see *Weinberger v. Salfi*, 422 U.S. 749, 763 and n. 8, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522, 537 (1975); *Flemming v. Nestor*, 363 U.S. 603, 606–07, 80 S.Ct. 1367, 1370, 4 L.Ed.2d 1435, 1441–1442 (1960); *Coffin v. Secretary of Health, Education & Welfare*, 400 F.Supp. 953, 959 (D.D.C.1975), *appeal filed*, 44 USLW 3375 (U.S. Nov. 25, 1975) (No. 75–765); *Jablon v. Secretary of Health, Education & Welfare*, 399 F.Supp. 118, 121 (D.Maryland 1975), *appeal filed*, 44 USLW 3364 (U.S. Nov. 18, 1975) (No. 75–727).

plaintiff's argument that the statute involved here carried a double discrimination, i. e., a sex discrimination and a date of birth discrimination in that had he been born some three years later he would have received for the rest of his life equal treatment with his female counterparts.

In amending the statute Congress recognized, tacitly or otherwise, the lack of rational basis for the unequal treatment of two individuals solely because of sex. This is in accordance with and is consistent with such prior Congressional enactments as Title VII of the Civil Rights Act of 1964, Pub.L.No.88–352, 78 Stat. 241 (1964), and the Equal Pay Act of 1963, Pub.L.No.88–38, 77 Stat. 56 (1963). It is also consistent with the original purposes and design of the Social Security Laws which for more than a generation contained no provisions which discriminated on the basis of sex. It was not until 1956 that such type of discrimination crept into the Act and gave rise to the type of problem with which we are now confronted.

■ Congress now having recognized its mistake, in all fairness this Court should follow Congress' lead, and we find that there is no longer (if there ever was) any rational basis for drawing a distinction between males and females for the purposes of social security benefit computations such as are involved here.

We note that this conclusion is consistent with the trend since *Gruenwald* toward stricter scrutiny by the Courts of the supposed rational bases for statutes which make distinctions between the sexes. While it is not clear at this point which equal protection standard should be applied in analyzing such statutes, see *e. g., Stanton v. Stanton,* 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975); *Waldie v. Schlesinger,* 166 U.S.App.D.C. 175, 509 F.2d 508, 510–11 (D.C.Cir. 1974); *Green v. Waterford Board of Education,* 473 F.2d 629 (2d Cir. 1973), it is clear that under even the least rigorous standard Congress may not "invidiously dis-

criminate . . . on the basis of criteria which bear no rational relation to a legitimate legislative goal" in distributing social security benefits, *Weinberger v. Salfi,* 422 U.S. 749, 772, 95 S.Ct. 2457, 2470, 45 L.Ed.2d 522, 542 (1975). No legitimate legislative purpose has been shown for the double discrimination practices against plaintiff and those in his position under the 1972 amendments to the Social Security Act.

■ We are aware that other Courts have examined the statutory scheme before us and upheld it as reasonable. Most notably, in *Polelle v. Secretary of Health, Education & Welfare,* 386 F.Supp. 443 (N.D.Ill. 1974) (three-judge court) and in *Kohr v. Weinberger,* 378 F.Supp. 1299 (E.D.Pa.1974) (three-judge court), *vacated,* 422 U.S. 1050, 95 S.Ct. 2671, 45 L.Ed.2d 704 (1975), it was held that Congress could establish benefit formulas more favorable to women to compensate for past wage discrimination against them. We agree with Judge McMillen's position, taken in his dissent in *Polelle,* that convincing evidence of such Congressional intent has not been shown, and we wish as well to indicate our uncertainty about the constitutional status of such "benign" discrimination when it is not tailored to the grievances of specific individuals as it was in *Acha v. Beame,* 531 F.2d 648 (2d Cir. 1976), a Title VII case. But our major disagreement with those cases is that Congress has done more in the challenged Social Security provisions than assist women. Congress has provided that all women *and* all men who reach age 62 after December 31, 1974 shall receive more favorable treatment than that accorded to men who were 62 before that date. Nowhere is it suggested how this arbitrary categorization is justified as compensation for past discrimination; nowhere is it suggested how this categorization promotes the ends of the Social Security Act. To segregate women and recently retired men from men who retired earlier for purposes of determining what future benefits shall be due [2] is, at least insofar as we have been

2. We understand plaintiff to make no claim concerning the higher benefits given to women and denied to all men before the effective date of the 1972 amendments to the Social Security Act.

shown, no more sensible than providing that retirees with blue eyes should receive benefits at a rate different from that for retirees with brown eyes. Such unjustified discrimination constitutes a violation of the Fifth Amendment.

For the foregoing reasons, defendant's motion for judgment on the pleadings must be and the same hereby is denied and, since there is no issue of fact to be tried, plaintiff must be awarded judgment on the pleadings. Accordingly, the defendant is directed to make payments to the plaintiff for each period of time after January 19, 1974, under that "benefit computation years" formula in effect in the period for any group of males that allows plaintiff the most favorable number of benefit computation years.[3] In other words, plaintiff will be paid for each period at the highest rate available to men with his employment record until such date as the most favorable formula for men is identical with the formula for women. From that date, of course, he is to be paid at the same rate as a woman in his situation.

SO ORDERED.

---

**3.** This somewhat complicated system is necessary because Congress chose in the 1972 amendments to the Social Security Act to bring the formulas for men and women together step by step over several years. Insuring that plaintiff is paid for each period under the most favorable formula available to any man will insure that he does not suffer from the double discrimination which is at issue in this case.