**Paul KOHR, on behalf of himself and all others similarly situated, Plaintiffs,**

**v.**

**Joseph A. CALIFANO, Jr., Individually and as Secretary of the Department of Health, Education and Welfare, et al., Defendants.**

No. 73–1698.

United States District Court, E. D. Pennsylvania.

July 12, 1977.

David A. Scholl, Philadelphia, Pa., for plaintiffs.

David W. Marston, U.S. Atty., Philadelphia, Pa., Walter S. Batty, Jr., Philadelphia, Pa., Chief Appeals Division, for defendants.

FOGEL, District Judge.

This case was initially decided on cross motions for summary judgment on July 26, 1974. 378 F.Supp. 1299 (E.D.Pa.1974). At that time this Court; sitting as a three judge Court, constituted pursuant to 28 U.S.C. §§ 2282, 2284, with Judge Van Du-

sen, of the Court of Appeals for the Third Circuit, and Judge Higginbotham of this Court, granted summary judgment in favor of defendants, rejecting plaintiffs' challenge to the constitutionality of Section 215(b)(3) of the Social Security Act, 42 U.S.C. § 415(b)(3).

Plaintiff had argued that the challenged statute unconstitutionally discriminated against male recipients of Social Security benefits by according female recipients a more favorable benefit computation than their male counterparts. We held that there was jurisdiction to hear plaintiffs' claims, but found that there was no unconstitutional discrimination because

the statutory classification [was] reasonable and not arbitrary, and [had] a fair and substantial relationship to the object of the legislation, because its effect [was] to rectify the economic effects of past discrimination against women. [footnote omitted]

378 F.Supp. at 1304.

After a direct appeal to the Supreme Court, pursuant to 28 U.S.C. § 1253, that Court vacated judgment and remanded for reconsideration of the jurisdictional issues in light of *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). 422 U.S. 1050, 95 S.Ct. 2671, 45 L.Ed.2d 704 (1975). Those issues were subsequently resolved in the following fashion: FIRST, the parties entered into an expedited appeal agreement pursuant to 20 C.F.R. § 404.916a, thereby giving this Court jurisdiction pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g); and SECOND, the three judge court which had been convened, thereafter determined, after consideration of the Supreme Court's opinion in *Weinberger v. Salfi, supra*, and the briefs submitted by the parties, that it should dissolve itself, and allow the remaining issues to be determined by a single judge. *Accord, Brew v. Mathews*, 425 F.Supp. 727 (E.D.Pa.1977).

The matter is before us now, on the request of counsel for plaintiffs that we reconsider the decision initially rendered on

554

the merits, in light of more recent developments in the decisional law in this area. Although plaintiffs' claims had been thoroughly considered on the merits in connection with the previous decision of this court, the parties were permitted to file extensive supplemental briefs, and, indeed, were allowed to present oral argument on the matter as well.

Having carefully reviewed the further arguments presented by the parties, we were inclined to follow our previous decision on the matter. Such a disposition is now compelled, however, by the recent decision of the Supreme Court in *Califano v. Webster*, 430 U.S. 313, 97 S.Ct. 1192, 51 L.Ed.2d 360 (1977). In *Webster*, the Supreme Court, faced with the identical challenge to precisely the same statutory provision involved in this case, reversed the judgment of the District Court which had found that Section 215(b)(3) unconstitutionally discriminated against male Social Security recipients. Citing, among other opinions, the previous opinion of this Court, the Supreme Court held that

the legislative history is clear that the differing treatment of men and women in former § 215(b)(3) was not "the accidental byproduct of a traditional way of thinking about females," *Califano v. Goldfarb*, supra, 430 U.S. 199, at 223, [97 S.Ct. 1021, at 1035], 51 L.Ed.2d 270 (Stevens, J., concurring in the result), but rather was deliberately enacted to compensate for particular economic disabilities suffered by women.

430 U.S. 313, at 320, 97 S.Ct. 1192, at 1196, 51 L.Ed.2d 360.

Rather than repeating the extensive discussion of the pertinent issues which we set forth in our prior opinion, and which the Supreme Court implicitly approved by its reversal in *Webster*, a process which would only add useless verbiage to the already overflowing Reports, we will simply adopt our prior reasoning, now fully sanctioned by the Supreme Court; we therefore grant defendants' motion for summary judgment and deny the motion for summary judgment submitted on behalf of plaintiffs.